STATE of Alaska, Petitioner,

v.

The Honorable Victor D. CARLSON, Judge of the Superior Court, and the Superior Court for the State of Alaska, Third Judicial District, Respondents,

Sidney Lee VAIL, Real Party in Interest.

STATE of Alaska, Petitioner,

v.

Sidney Lee VAIL, Respondent.

No. 2986.

Supreme Court of Alaska.

Oct. 15, 1976.

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, for petitioner.

R. Stanley Ditus, Anchorage, for respondent, Vail.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

CONNOR, Justice.

In this case the Superior Court has announced its intention to accept a guilty plea to the crime of manslaughter from defendant Vail in lieu of trying him for either first or second degree murder. The district attorney does not concur in this reduction of charge, and has applied to this court for a writ of prohibition on the ground that the trial judge has exceeded his authority.

Counsel for Vail and his co-defendant engaged in negotiations with the prosecutor pursuant to Criminal Rule 11(e). The prosecutor was willing to accept guilty pleas to manslaughter from both defend-

ants, but not from only one, feeling that his chances of obtaining a conviction of Taylor, the co-defendant, would be substantially better in a joint trial than if Taylor were tried alone. The court, on the other hand, was willing to accept a manslaughter plea from Vail even though Taylor was not also pleading guilty. This the prosecutor was unwilling to accept.

Judge Carlson cited a number of reasons for accepting a manslaughter plea: the possibility that Vail was suffering from diminished capacity; Vail's youth (age 20); complicated issues regarding bifurcation of trial, severance of defendants, and evidentiary problems under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968), which would arise in a joint trial but would be mooted if either or both defendants pleaded guilty; saving the cost of a trial; avoiding the possibility that Vail might be acquitted; and his belief that the sentence for manslaughter would be sufficient to punish Vail.

Vail argues that Alaska Criminal Rule 43(c), which permits a court to dismiss a prosecution "in furtherance of justice," vests the traditional *nolle prosequi* power jointly in the court and the prosecution.[1] *See People v. Superior Court of Marin County*, 69 Cal.2d 491, 72 Cal.Rptr. 330, 446 P.2d 138, 146 (1968). Since the nature of the *nolle prosequi* power is traditionally to dismiss a prosecution in whole or in part, *People v. Sidener*, 58 Cal.2d 645, 25 Cal.Rptr. 697, 375 P.2d 641, 643 (1962) (Traynor, J.), *appeal dismissed and cert. denied*, 374 U.S. 494, 83 S.Ct. 1912, 10 L. Ed.2d 1048 (1963), *overruled on other grounds* in *People v. Tenorio*, 3 Cal.3d 89, 89 Cal.Rptr. 249, 473 P.2d 993 (1970), the court also has the power to dismiss or strike out a part. *People v. Burke*, 47 Cal.2d 45, 301 P.2d 241, 244 (1956). Since manslaughter is a lesser offense included

1. Alaska Criminal Rule 43(c) provides:
"(c) *In Furtherance of Justice.* The court may, either on its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order

an action, after indictment or waiver of indictment, to be dismissed. The reasons for the dismissal must be set forth in the order."

in a charge of murder, Vail reasons that the court may reduce the charge by "striking out a part" of the charge. He further reasons that the Alaska Constitution contains, implied in its terms, the doctrine of separation of powers. *Public Defender Agency v. Superior Court*, 534 P.2d 947, 950 (Alaska 1975). This principle, he argues, prevents the exercise of the *nolle prosequi* power from being conditional on the approval of another branch. *Esteybar v. Municipal Court*, 5 Cal.3d 119, 95 Cal. Rptr. 524, 485 P.2d 1140 (1971); *People v. Tenorio*, 3 Cal.3d 89, 89 Cal.Rptr. 249, 473 P.2d 993, 996 (1970); *see generally O'Donoghue v. United States*, 289 U.S. 516, 530, 53 S.Ct. 740, 77 L.Ed. 1356 (1932).

■ Vail's reliance on California precedent is misplaced. The "part" of a charge referred to in *Burke* and *Sidener* was an allegation that the defendant was a prior offender, which under the statutes subjected him to increased punishment. Dismissal was sought either because the prior conviction had not been sufficiently proven or because the facts showed that "in the interest of justice" the defendant should not suffer the increased penalty which the repeat-offender provisions would warrant. *People v. Burke, supra.* Neither case, and apparently no other California case, speaks to a lesser included offense. The facts of this case have not yet been presented at trial; nor do we perceive, from the statement of the facts by the dis-

trict attorney, that this would be a case of the nature envisioned by the *Burke* and *Sidener* courts.

■ Further, the California Supreme Court has explicitly held that, except in unusual circumstances, the trial judge may not use his *nolle prosequi* powers to engage in plea, charge, or sentence bargaining without the participation of the prosecution. If the "bargain" is in fact opposed by the state, there cannot be said to have been a real plea bargain, and such use of the court's power has been held an abuse of discretion since it is not "in furtherance of justice" under the language of California Penal Code § 1385, which is similar to Alaska Rule 43(c). *People v. Orin*, 13 Cal.3d 937, 120 Cal.Rptr. 65, 533 P.2d 193, 197, 201 (1975) (alternative holding).[2] Vail's constitutional argument, including his reliance on *Tenorio* and *Esteybar*, has also been considered and rejected by the California courts. *People v. Smith*, 53 Cal. App.3d 655, 126 Cal.Rptr. 195, 197–98 (1975).[3] While the reduced charge in *Smith* was a related but not a lesser included offense as it is in the case at bar, the policy considerations of the *Smith* court are persuasive. It reasoned that the executive branch and the grand jury have exclusive authority for charging a criminal defendant. The court then concluded that the trial court could not charge a non-included offense. 126 Cal.Rptr. at 198. We must go further, and hold that although the court may judicially determine the dis-

---

2. *Orin* recognized that the trial court may, in the exercise of its sentencing discretion, have occasion to dismiss charges in furtherance of justice. It also left open the possibility of the court using the dismissal power without the participation or consent of the prosecution if the prosecution has a "rigid" and "obstructionist" position opposed to all bargaining in all cases. 533 P.2d at 201–02.

3. The California cases addressed in *Smith*, including *Tenorio* and *Esteybar*, struck down a number of California statutes which conditioned various sentencing alternatives on the consent of the prosecutor. The statutes were held to violate the separation of powers,

since they shared with the executive branch the judicial function of disposing of cases. As *People v. Smith*, points out, none of these cases dealt with the charging function, which is "the heart of the prosecution function." 126 Cal.Rptr. at 197–98, *quoting* ABA Criminal Justice Standards, *The Prosecution Function*, § 3.9(a) Commentary (1971). Nor did any of them deal with plea—or charge—bargaining *simpliciter*, as the instant case does.

For the same reasons, our decision today does not call into question the constitutionality of Rule 43(c) in any context other than this one. By its terms, the rule deals with the judicial function of disposition.

position of a charge based on the evidence, the law and its sentencing power, it may not, in effect, usurp the executive function of choosing which charge to initiate based on defendant's willingness to plead guilty to a lesser offense. In *Public Defender Agency v. Superior Court,* 534 P.2d 947, 950–51 (Alaska 1975), we set aside a trial court order directing the Attorney General to prosecute a case. Such an order, we held, violated the separation of powers because the decision whether to prosecute a case was committed to the discretion of the executive branch, and therefore was not subject to judicial control or review. Here the trial judge, with the defendant's agreement, was in effect ordering the district attorney not to prosecute the murder charge against Vail.

We are also concerned that a judge's involvement as plea negotiator would detract from the judge's neutrality, and would present a danger of unintentional coercion of defendants who could only view with concern the judge's participation as a state agent in the negotiating process. *See People v. Smith, supra* 53 Cal.App.3d 655, 126 Cal.Rptr. at 197.[4] In connection with these policies, we note that Fed.R.Crim.P. 11(e)(1) now prohibits a trial judge from participating in plea negotiation discussions.[5]

Even though Judge Carlson has not yet issued an order reducing the charge in this case, we note that he fully stated his rea-

sons as required for such an order by Criminal Rule 43(c). We therefore see no reason, given the seriousness of the legal issue involved, to postpone exercise of our supervisory power. The writ of prohibition shall issue. AS 22.05.010(a); Alaska App.R. 25(a).

RABINOWITZ, Justice, with whom BOOCHEVER, Chief Justice, joins (concurring).

The record we have been furnished indicates that respondent Sidney Lee Vail and co-defendant Timothy Taylor were jointly charged by an Indictment with the offense of first degree murder in violation of AS 11.15.010. According to Vail's brief, the matter then came on for pre-trial hearing before Judge Carlson on June 18, 1976, "with all counsel present."[1] At this conference it is asserted that counsel for the state and defense counsel informed the superior court that they had been engaged in plea discussion "toward the end of disposing of the pending case by pleas to the lesser included offense of manslaughter." The superior court was also advised that the prosecution was agreeable to accepting pleas to manslaughter from both Vail and Taylor provided they agreed to a stipulated sentence of 15 years as to each. According to Vail, the superior court then ". . . *sua sponte,* based apparently upon its review of the file, statements of counsel, the circumstances involved and its wisdom, indicated that it would accept a

4. The *Smith* and *Orin* courts relied in part on a series of guilty plea statutes, Cal.Penal Code §§ 1192.1 *et seq.* Even absent these express statutory considerations, we are persuaded by the policies enunciated in arriving at their decisions.

5. We recognize that the only substantial difference between Alaska Criminal Rule 11(e) (1) and the Federal criminal rule of the same number is that the federal rule contains ,the explicit prohibition against judicial participation in bargaining while the Alaska rule does not. The policies we have discussed persuade us that this difference should not be dispositive.

   Federal Rule 11(e)(1) and its underlying policies are discussed in *United States v.*

*Werker,* 535 F.2d 198 (2d Cir. 1976). See also the comment to the rule, reprinted in 8 Moore's Federal Practice ¶ 11.01[4], at 11–14 to 11–15 (2d ed., rev. 1975). In accord with the federal rule are the ABA Criminal Justice Standards, Pleas of Guilty, § 3.3(a) (Approved Draft, 1968), and Uniform Rule of Criminal Procedure 441 (1974).

1. There is no indication whether ,this conference was on the record or whether Vail and Taylor were present. My own view is that Alaska's trial courts should refrain from conducting any proceedings relating to a criminal prosecution which are off the record. Additionally, I note that Criminal Rule 38 (a) requires the presence of ,the defendant "at every stage of the trial."

plea of guilty to manslaughter from either or both of the defendants with open sentencing."

On June 22, 1976, counsel for Vail advised the superior court that Vail would enter a plea of guilty to manslaughter with open sentencing. The matter was set for hearing on June 25, 1976, on the contemplated change of plea by respondent Vail. At this hearing counsel for the state objected to the court's intention to permit Vail to enter a plea of guilty to the lesser included offense of manslaughter and stated his reasons for his opposition. At the conclusion of the hearing Judge Carlson announced that he intended to accept a plea of guilty to manslaughter from Vail on July 7, 1976. This delay in the change of plea proceedings was granted by Judge Carlson to enable the prosecution to seek a ruling from this court as to the propriety of his contemplated action.

In granting the delay Judge Carlson remarked that:

> The reason that I would accept a plea of guilty to manslaughter is that I find that the one to 20 years which is the range of sentence for manslaughter appears at this stage of the proceedings to be a sufficient range of sentence to punish Mr. Vail for what he had done.[2]

The transcript of this June 25, 1976, hearing further reveals that the superior court characterized its actions in the following manner:

> I also take into account that this is not a—from the court's standpoint, this is not a plea bargaining situation, this is

what's . . . or the sub-category of charge bargaining, reducing a case—the charge in a case, and it appears to me that the—justice would be done by the public to having a plea to manslaughter instead of running the risk of an acquittal which to me appears very unlikely, but there's always that possibility, and the great expense both of prosecution and appeal.

These remarks of Judge Carlson are crucial to analysis and disposition of the issues raised by the state's petition for writ of prohibition. In my view, they clearly indicate that what really transpired here does not present a true Criminal Rule 43(c) court dismissal issue; rather we are confronted with a question which concerns the extent of the trial court's authority under Criminal Rule 11(e) governing plea agreement procedures.[3]

As Rule 11(e)(1) is presently structured, it permits "[t]he attorney for the state and the attorney for the defendant" to engage in discussions encompassing both charge bargaining and sentence bargaining.[4] No provision of Rule 11 authorizes the court to engage in either charge or sentence discussions with either the state or the accused for the purpose of obtaining a disposition of the matter without trial. Subsections (2), (3) and (4) of Rule 11(e) essentially contemplate a passive ratification role for the trial court in relation to any charge or sentence discussions which have been entered into by counsel for the accused and for the state.[5]

---

2. The court's opinion details numerous additional reasons Judge Carlson articulated for accepting a manslaughter plea.

3. *See* ABA, Standards Relating to Pleas of Guilty, Standards 3.1–3.4 [hereinafter cited as Pleas of Guilty]. I do not interpret Criminal Rule 11(e)(3), which provides: "If the court accepts the plea agreement, the court shall inform the defendant that the judgment and sentence will embody either the disposition provided for in the plea agreement or another disposition more favorable to the defendant" as authorizing active plea

negotiations on the part of Alaska's trial judges.

4. Since August of 1975 the Attorney General has instituted a policy which purports, in its general outlines, to prohibit all state prosecutors from sentence bargaining and also, for the most part, charge bargaining.

5. Alaska's Rule 11(e) does not contain any provision which parallels Standard 3.3(b), Pleas of Guilty, *supra* note 2. This Standard provides:

> (b) If a tentative plea agreement has been reached which contemplates entry of

In the circumstances of the case at bar, the record we do have unambiguously indicates that the superior court actively engaged in charge bargaining. Thus, as I perceive the question confronting this court, we must decide whether Criminal Rule 43(c)[6] in light of the provisions of Rule 11, was intended to authorize the trial court to employ the charge dismissal power as a vehicle for an active role in plea discussions encompassing either charge or sentence concessions, or both. I am of the view that Criminal Rule 43(c) was not intended to give legal sanction to such activities on the trial court's part. For neither Criminal Rule 43(c) nor Rule 11(e) authorizes the use of the trial court's dismissal powers as an adjunct to judicial plea negotiations. Thus, I join in the majority's conclusion that the writ of prohibition should issue.

Admittedly, Alaska's Rule of Criminal Procedure which recognizes the controversial practice of plea bargaining does not contain an explicit prohibition against trial courts engaging in such practice.[7] On the other hand, given the tremendously coercive impact judicial activism can have in this area, the erosion of the appearance of judicial neutrality, and the accused's constitutional rights to jury trial, I am of the view that our trial judges should be totally barred from engaging in either charge or sentencing bargaining.[8]

Further, I note my agreement with the court's conclusion that to permit the superior court to dismiss the first and second degree charges against Vail at this stage of the criminal prosecution would be violative of the doctrine of separation of powers.[9] In *Public Defender Agency v. Superior Court, Third Judicial District*, 534 P.2d 947, 950 (Alaska 1975), we said:

> Under the common law, an attorney general is empowered to bring any action which he thinks necessary to protect the public interest, and he possesses the corollary power to make any disposition

---

a plea of guilty or nolo contendere in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs but the final disposition does not include the charge or sentence concessions contemplated in the plea agreement, he shall state for the record what information in the presentence report contributed to his decision not to grant these concessions.
The Commentary to this Standard reads in part:
It does not follow from the above, however, that a trial judge may never indicate his concurrence in the proposed concessions prior to the time the defendant enters his plea. There is one situation in which the judge must do so, namely, that in which the concession would be granted by receipt of a plea to a lesser offense. Consent of the court is typically required for a lesser plea, e. g., Ariz.R.Crim.P. 184, and since accept-

ance of the plea to a lesser included offense would bar subsequent prosecution for the greater offense, the determination must be made prior to the time the plea is accepted.
Thus, while the trial judge should not be required to make promises concerning sentence concessions or dismissal of other counts in advance of defendant's plea, it is proper to have the judge indicate his approval of a plea to a lessor charge before the plea is accepted. . . .

6. Alaska's Criminal Rule 43(c) provides:
The court may, either on its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action, after indictment or waiver of indictment, to be dismissed. The reasons for the dismissal shall be set forth in the order.

7. *Compare* Alaska Criminal Rule 11(e)(1) *with* Fed.R.Crim.P. 11(e)(1).

8. *See* Standard 3.3(a), Pleas of Guilty, *supra* note 2. This Standard provides:
The trial judge should not participate in plea discussions. *See also* Fed.R.Crim.P. 11(e)(1); *United States v. Werker*, 535 F.2d 198 (2d Cir., 1976).

9. *See Bradner v. Hammond*, 553 P.2d 1 (Alaska 1976).

of the state's litigation which he thinks best. *State v. Finch,* 128 Kan. 665, 280 P. 910 (1929). This discretionary control over the legal business of the state, both civil and criminal, includes the initiation, prosecution, and disposition of cases. *United States v. San Jacinto Tin Co.,* 125 U.S. 273, 279, 8 S.Ct. 850, 31 L. Ed. 747 (1888); *Federal Trade Commission v. Clair Furnace Co.,* 274 U.S. 160, 174, 47 S.Ct. 553, 71 L.Ed. 978 (1927); *Smith v. United States,* 375 F.2d 243, 246–47 (5th Cir. 1967); *United States v. Cox,* 342 F.2d 167 (5th Cir. 1965); *Boyne v. Ryan,* 100 Cal. 265, 34 P. 707 (1893); *Ames v. Attorney General,* 332 Mass. 246, 124 N.E.2d 511 (1955).

When an act is committed to executive discretion, the exercise of that discretion within constitutional bounds is not subject to the control or review of the courts. To interfere with that discretion would be a violation of the doctrine of separation of powers. . . .

Thus, it is clear that the determination whether or not to prosecute and the precise charge to be lodged against an accused are initially committed to the discretion of the executive branch of Alaska's government.