**Thomas Arthur GORDON, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 2914.**

Supreme Court of Alaska.

April 28, 1978.

Thomas A. Sofo, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellant.

David Shimek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE, and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

Thomas A. Gordon appeals from his convictions by plea for rape and burglary. He contends that our decision in *State v. Buckalew*, 561 P.2d 289 (Alaska 1977), which bars judicial participation in the plea bar-

gaining process, renders his pleas involuntary per se and, therefore, his convictions must be set aside. Because we hold that appellant failed to properly raise this issue, and because our ruling in *Buckalew* has only prospective application, we affirm.

Following his 1975 indictment and arraignment on the above offenses, Gordon entered pleas of not guilty. At the request of Gordon's public defender, Bruce Abramson, a conference took place on December 15, 1975, in Judge Ralph E. Moody's chambers to discuss the sentence Gordon would receive were he to change his plea. In attendance were Judge Moody, Abramson, and Assistant District Attorney Charles Merriner. Gordon was not present. Merriner did not participate in the discussion, nor had he offered any plea agreement to Gordon. Abramson informed Judge Moody of the facts of the case and something of Gordon's background. Judge Moody advised Abramson that he would sentence Gordon to no more than five years if Gordon changed his plea, but he reserved the right to impose a harsher sentence if the presentence report warranted it.[1] If that were the case, he would advise Gordon and permit him to withdraw his guilty plea.

Immediately after the conference, at a hearing in which all of the requirements for taking a plea under Rule 11(c) and (d), Alaska Rules of Criminal Procedure, were satisfied, Gordon entered pleas of guilty to rape in violation of AS 11.15.120 and nolo contendere to burglary in violation of AS 11.20.080. He was sentenced to two concurrent five-year terms.

◼ A notice of appeal was filed on April 22, 1976. The original grounds of appeal were that the sentence was excessive, that the sentencing judge was preempted and lacked authority to enter judgment, and that Gordon was deprived of his right to trial by jury by imposition of a heavier sentence if he exercised that right. None of these issues has been pursued in this appeal. However, appellant failed to move to supplement his points on appeal to reflect the issue he now presents to us. Rule 9(e), Alaska Rules of Appellate Procedure, provides:

"(e) *Statement of Points.* At the time of filing his notice of appeal, the appellant shall serve and file with his designation a concise statement of the points on which he intends to rely on the appeal. The court will consider nothing but the points so stated. On motion, and for cause, the statement of points may be supplemented subsequent to the filing of the designation of the record."[2]

Consequently, the issue of the effect of our ruling in *Buckalew* on the voluntariness of appellant's pleas is not properly before us.

◼ Furthermore, a plea of guilty or nolo contendere is a waiver of all non-jurisdictional defects and forecloses appellate review. *Cooksey v. State,* 524 P.2d 1251, 1255 (Alaska 1974). Appellant raises the issue of the voluntariness of his pleas on direct appeal from the judgment entered upon his guilty and nolo contendere pleas. He contends that *McKinnon v. State,* 526 P.2d 18 (Alaska 1974), validates his right to a direct appeal on this issue. In *McKinnon,* we held that

"... where a defendant has been denied the right to be represented by his chosen counsel, the subsequent entry of a plea of guilty or nolo contendere does not shield a conviction from challenge on appeal, since the voluntariness and reliability of such plea is inherently suspect ...."

526 P.2d at 24.

Although the *McKinnon* language sanctions appellate review of the voluntariness of a plea, it does not authorize bringing

1. No recording was made of the conference. It is described by affidavits and motions to supplement the record by both counsel. Judge Moody also acknowledged the conference and his sentence promise at the December 15, 1975 hearing to take Gordon's plea and at appellant's sentencing hearing of March 23, 1976.

2. Appellate Rule 9(e) applies to the appeal of criminal matters through Rule 22, Alaska Rules of Appellate Procedure.

such claims by direct appeal. Rather, *McKinnon* merely stands for the proposition that a guilty or nolo plea will not insulate the conviction from subsequent appellate review, if the issue is properly raised.[3]

■ Rule 32(d)(1), Alaska Rules of Criminal Procedure provides that:

"The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice."[4]

This places a dual burden on the defendant—to move to withdraw his plea in a timely manner and to prove that withdrawal is necessary. Therefore, we hold that a defendant cannot challenge the voluntariness of his plea on direct appeal from the judgment entered upon his plea.[5] A motion

3. The *McKinnon* defendant was appealing from the denial of his motion to withdraw his plea. Other recent Alaska cases wherein a guilty or nolo contendere plea was challenged also arose following motions to withdraw the plea, not on direct appeal. *Lewis v. State*, 565 P.2d 846 (Alaska 1977); *Else v. State*, 555 P.2d 1210 (Alaska 1976); *Gregory v. State*, 550 P.2d 374 (Alaska 1976). *Galaktionoff v. State*, 486 P.2d 919 (Alaska 1971), was appealed directly from the conviction, but under AS 22.15.240(b) which expressly authorizes direct sentence appeals.

Older cases arose under Rule 35, Alaska Rules of Criminal Procedure, the general post-conviction remedy, or under the former Rule 32(d) which duplicated Rule 32(d), Federal Rules of Criminal Procedure:

"A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

*Tafoya v. State*, 500 P.2d 247 (Alaska 1972), *cert. denied*, 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973); *Ingram v. State*, 450 P.2d 161 (Alaska 1969); *Nichols v. State*, 425 P.2d 247 (Alaska 1967); *Oughton v. State*, 420 P.2d 452 (Alaska 1966); *Thompson v. State*, 412 P.2d 628 (Alaska 1966).

4. The entire text of Alaska Criminal Rule 32(d) reads:

"(d) *Plea Withdrawal.*

(1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.

(i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:

(aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule, or

(bb) The plea was not entered or ratified by the defendant or a person authorized to so act in his behalf, or

(cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, or

(dd) He did not receive the charge or sentence concessions contemplated by the plea agreement, and

(A) the prosecuting attorney failed to seek or opposed the concessions promised in the plea agreement or

(B) after being advised that the court no longer concurred and after being called upon to affirm or withdraw his plea, he did not affirm his plea.

(iii) The defendant may move for withdrawal of his plea without alleging he is innocent of the charge to which the plea has been entered.

(2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right. Before sentence, the court may in its discretion allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

(3) A plea of guilty or nolo contendere which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceedings."

5. This interpretation of Alaska Rule 32(d)(1) is consonant with the federal procedure for appeals taken following convictions by plea. The federal rule, which also requires a motion to withdraw a guilty or nolo contendere plea, (*See* note 3, *supra*) has been construed as follows:

"Appeal is taken in either case [whether motion is made before or after sentence] from the order of the court denying withdrawal, although if sentence is imposed simultaneously with or shortly after denial of the motion, appeal may be taken from the judgment of conviction."

8A Moore, *Federal Practice*, § 32.07, at 32–92 (2d ed. 1977). *See also Oksanen v. United States*, 362 F.2d 74 (8th Cir. 1966); *United*

to withdraw the plea must first be made in the superior court pursuant to the requirements of Rule 32(d). Since appellant has failed to make such a motion, his convictions must be affirmed.

Because of the procedural posture in which this case reaches us, we need not reach the issue raised by appellant, i. e., whether judicial participation in plea or sentence bargaining renders a subsequent plea of guilty or nolo contendere involuntary per se under our interpretation of Criminal Rule 11 in *State v. Buckalew, supra*. However, we note that the in-chambers conference involved here occurred over a year prior to the *Buckalew* ruling and, therefore, appellant would not necessarily benefit from the effects of that ruling even if the issue were properly before us.[6]

█ *Buckalew* does not address the retroactivity question, but the holding was expressed in prospective language:

". . . [H]enceforth Alaska's trial judges shall be totally barred from engaging in either charge or sentence bargaining." (footnote omitted)

561 P.2d at 292. The determination whether a new interpretation of a criminal rule will be given retroactive effect, involves an analysis of several factors. The first is to ascertain the purpose to be served by the new rule; the second is the effect on the administration of criminal justice if retroactive application were given to the new standard. *Gray v. State*, 463 P.2d 897, 913

(Alaska 1970).[7] *Judd v. State*, 482 P.2d 273, 278 (Alaska 1971), added a third criterion— "the extent of the reliance by law enforcement authorities on the old standards."[8] Although *Judd* was determining the retroactivity of a constitutional rule instead of a new interpretation of a criminal rule, the third factor still applies here.[9]

"This factor was not necessary in the discussion of *Gray*, but we wish to make clear at this time that reliance by those who must enforce the judicial decision is an appropriate additional consideration to be considered in determining problems of retroactivity. All three criteria will be referred to in the future in balancing the varied interests necessary."

482 P.2d at 278.

█ The purpose of the *Buckalew* rule is to avoid any possibility of coercion in the mind of the defendant pleading guilty, and to assure judicial objectivity in determining the voluntariness of the plea and in using the presentence report. *Buckalew*, 561 P.2d at 291. *See also United States v. Werker*, 535 F.2d 198 (2d Cir. 1976); ABA Standards Relating to Pleas of Guilty, § 3.3(a) and commentary, at 72–73 (1968). Judicial participation does not always in fact make a plea involuntary,[10] but *Buckalew* represents a policy decision to avoid the possibility that a defendant might feel any coercion.

There is no evidence in the record concerning the extent to which trial judges relied upon the propriety of their participa-

---

*States v. Doyle*, 348 F.2d 715, 718–20 (2d Cir. 1965), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965); 1 C. Wright, *Federal Practice & Procedure*, § 175, at 378–382 (1969).

6. The conference was also ten months before our decision in *State v. Carlson*, 555 P.2d 269 (Alaska 1976). In *Carlson*, holding that the superior court could not accept a guilty plea to a reduced charge over the state's objection, we expressed concern over the dangers of judicial participation in the plea negotiating process. 555 P.2d at 272. The result reached in *Buckalew* was specifically urged by Justice Rabinowitz, joined by Chief Justice Boochever, in his concurring opinion in *Carlson*. 555 P.2d at 274.

7. In *Gray*, we were determining the retroactivity of the *Speidel v. State*, 460 P.2d 77 (Alaska

1969), interpretation of Rule 38, Alaska Rules of Criminal Procedure.

8. *See also Rutherford v. State*, 486 P.2d 946 (Alaska 1971).

9. These same factors were used by the United States Supreme Court in *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), to determine the retroactive application of *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy* held that the failure of federal courts to comply with Federal Rule of Criminal Procedure 11 was per se reversible error. *Halliday* declined to apply this rule retroactively.

10. *See* the dissent in *State v. Buckalew, supra*, at 294.

tion in plea discussions. Since Criminal Rule 11, which governs the taking of pleas, has no express prohibition against judicial involvement in plea agreements, the trial judges must have thought that it was not improper behavior on their part. *Buckalew* expressly stated that no criticism of the trial judge was intended, as he could not anticipate the new ruling. 561 P.2d at 292. Also, the conference procedures of this case and of *Buckalew* were virtually the same, so we can assume that it was not uncommon for trial judges to inform defendants of the likely sentence should the defendant plead guilty.[11]

The impact on the administration of justice, if *Buckalew* were applied retroactively, is the most important factor here. *Gray v. State, supra,* stated that there are two considerations in applying this factor. One is whether a substantial number of convictions was based on the prior rule. We do not know how many pleas were taken with such judicial involvement, but it probably goes back many years. Although a retroactive application would require only the opportunity to plead anew rather than a full retrial, there would likely to be a substantial number of people moving to withdraw their pleas.

■ The second *Gray* consideration, and the more significant, is whether it would be difficult to determine the amount of prejudice each defendant suffered by the judicial involvement. It would be difficult to prove the extent of judicial involvement because it appears that most of these conferences were not recorded and the trial judge is unlikely to remember exactly what took place. *See State v. Abraham,* 566 P.2d 267 (Alaska 1977); *State v. Buckalew, supra; State v. Carlson,* 555 P.2d 269 (Alaska 1976). The intervening years would also make it difficult to assess the psychological impact of the judicial participation upon the defendant's decision to plead. However, the defendant claiming his plea was involun-

tary is not left without a remedy even if *Buckalew* is not applied retroactively. A defendant whose plea was accepted with judicial involvement in the plea agreement stage can still resort to Criminal Rule 32(d) and move to withdraw his plea on the grounds that it was involuntarily entered. *See Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

■ Although we specifically reserve the question of whether *Buckalew* will require in the future an involuntary per se rule, we hold that the *Buckalew* prohibition on judicial involvement in plea negotiations does not apply retroactively to pleas taken prior to March 14, 1977. Any defendant who believes he was induced to enter a plea against his will because the trial judge participated in plea negotiations, must resort to the procedure and standards of proof for the withdrawal of a plea of guilty or nolo contendere as set forth in Criminal Rule 32(d).

AFFIRMED.

---

11. The same type of conference occurred in *State v. Abraham,* 566 P.2d 267 (Alaska 1977). That in-chambers conference occurred on the day *State v. Carlson, supra,* was published.

However, the issue of whether that rendered the plea involuntary was not presented to the court.