NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MATTHEW ALLEN TAYLOR,

                    Appellant,

          v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-13686
Trial Court No. 4FA-17-01399 CR

O P I N I O N

No. 2756 — August 25, 2023

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Thomas I. Temple, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Terrell, Judges.

Judge ALLARD.

Matthew Allen Taylor pleaded guilty, pursuant to a plea agreement, to first-degree failure to stop at the direction of a peace officer (felony eluding).[1] Taylor

---

[1] AS 28.35.182(a)(1).

received 2 years to serve on this conviction. The plea agreement also required Taylor to plead guilty, in a separate case, to first-degree offering a false instrument for recording, for which he received an additional 2 years to serve.[2]

Taylor now appeals his conviction for felony eluding, arguing that his plea was involuntary because the trial court erroneously deprived him of his right to represent himself. For the reasons explained here, we conclude that the involuntariness of Taylor's plea cannot be litigated in this direct appeal and must instead be litigated through an application for post-conviction relief, where Taylor can move to withdraw his plea and the record can be properly supplemented.[3]

*Factual background*

In 2017, Taylor was arrested and charged with felony eluding and driving with a revoked license after he engaged in reckless driving during a high-speed chase with the police.[4] Taylor was appointed an attorney to represent him in this case.

At the time of his arrest, Taylor was on probation in multiple different felony cases. Following Taylor's arrest, the State filed petitions to revoke his probation in each of those cases. (Taylor was appointed a different attorney to represent him in those cases.)

On January 9, 2019, the parties convened for a change-of-plea hearing in the felony eluding case. However, the change-of-plea hearing was continued because Taylor had received new criminal charges in a separate case, including charges for forgery and offering a false instrument for recording. (Taylor was appointed yet another attorney in this new case.)

---

[2]   AS 11.46.550.

[3]   *See* Alaska R. Crim. P. 11(h), 35.1(a)(8).

[4]   AS 28.35.182(a)(1) and AS 28.15.291(a)(1), respectively.

At the January hearing, Taylor requested a hearing because he wanted to represent himself. The court refused to schedule a representation hearing because the court apparently believed that the request for a representation hearing needed to come from the attorney. The court told Taylor to "talk to [his] attorney" and have the attorney file a written motion requesting a representation hearing. Taylor responded "no problem" and indicated he would file something. However, no request for a representation hearing was filed.

At the next hearing, on February 21, there was no mention of self-representation and no request for a representation hearing.

The following hearing took place on March 18. At that hearing, Taylor's attorney moved to withdraw, and Taylor told the court that he wanted to hire a new attorney but could not afford one. Taylor again requested a representation hearing. The court took the motion to withdraw under advisement and scheduled a subsequent hearing for March 28.

On March 28, the court held a representation and a pretrial hearing, but Taylor told the court at that hearing that he did *not* want to represent himself; instead, he told the court that he was hoping to hire another attorney to represent him. The court continued the case and explained that Taylor's attorney would remain appointed until a substitution of counsel was filed.

On July 9, the court held another representation hearing. At that hearing, Taylor initially told the court that he wanted to dismiss all of his attorneys in all of his cases and to represent himself. However, after the court advised Taylor of the advantages of having counsel and the disadvantages of self-representation, Taylor told the court that he did *not* want to represent himself. Taylor also said that he was ready to resolve his cases and accept the State's proposed plea agreement with "a minor adjustment." The court found that Taylor did not actually want to represent himself, and the court set Taylor's cases for a change-of-plea hearing.

At the change-of-plea hearing, however, it became clear that, although there was a resolution for Taylor's petitions to revoke probation, there was not an agreement on the 2017 felony eluding case or the 2019 forgery case. The court therefore set those two cases for a continued pretrial hearing, and it scheduled another representation hearing at Taylor's request.

On August 14, the court held the representation hearing, and Taylor told the court that he wanted to represent himself in the felony eluding case but he wanted to keep his lawyer in the forgery case. The court questioned Taylor about his charges and the underlying law. Taylor was able to tell the court about the charges and the sentencing ranges, but he was unable to identify the elements of felony eluding. Taylor explained that he had been in "the hole" while incarcerated and unable to do legal research. Taylor was clear that he did not want the lawyer in the felony eluding case to continue to represent him. The court subsequently denied Taylor's request to represent himself.

Approximately three weeks later, Taylor entered into a plea agreement on the felony eluding case and the forgery case. Under the terms of the plea agreement, Taylor pleaded guilty to felony eluding and offering a false instrument and received a composite sentence of 4 years to serve (2 years to serve, consecutively, on each conviction). The remaining charges were dismissed.

This appeal followed.

*Why we conclude that Taylor cannot litigate on direct appeal from his guilty plea his claim that the superior court erroneously denied him the right to represent himself*

Taylor raises a single issue on appeal: he argues that the trial court erred when it denied his requests to represent himself. As we are about to explain, Taylor cannot raise this issue for the first time in a direct appeal from his conviction. Instead, under Alaska Criminal Rule 11(h), he must first seek to withdraw his plea.

It is generally said that "a plea of guilty or nolo contendere is a waiver of all non-jurisdictional defects and forecloses appellate review."[5] This rule bars defendants who have pleaded guilty from arguing on appeal that the trial court made an erroneous legal ruling prior to their guilty plea, as Taylor seeks to do here. Taylor provides two arguments for why this rule should not apply to his case.

First, Taylor argues that the erroneous denial of the right to self-representation is a jurisdictional defect that can be raised anytime. Taylor, however, provides no support for this argument. Although this Court has acknowledged that the complete deprivation of the right to counsel is a jurisdictional defect,[6] Taylor does not cite any cases — from this jurisdiction or any other — holding that the erroneous denial of the right to self-representation is a jurisdictional defect. Nor is there anything about the nature of a self-representation claim that would make it jurisdictional.[7] We therefore reject this argument.

---

[5]  *Gordon v. State*, 577 P.2d 701, 703 (Alaska 1978) (citing *Cooksey v. State*, 524 P.2d 1251, 1255 (Alaska 1974)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ( "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has [pleaded guilty] he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

[6]  *Crane v. State*, 118 P.3d 1084, 1085 (Alaska App. 2005); *see also Johnson v. Zerbst*, 304 U.S. 458, 467-68 (1938) (holding that an erroneous deprivation of the right to counsel is a jurisdictional defect).

[7]  *Hinshaw v. State*, 515 P.3d 129, 138 (Alaska App. 2022) (explaining that the right to self-representation is grounded in the right to individual autonomy, not the right to a fair trial); *Knix v. State*, 922 P.2d 913, 918 n.6 (Alaska App. 1996) (explaining that the right to counsel is dominant and the right to self-representation is clearly subordinate and "while forfeiture of the right to counsel is not tolerated, forfeiture of the right of self-representation is the established norm"); *see also United States v. Williams*, 29 F.4th 1306, 1314 (11th Cir. 2022) ("[A] defendant's voluntary guilty plea may waive a claim even of structural error.").

Second, Taylor argues that the court's denial of his request to represent himself rendered his plea involuntary. Taylor is correct that a claim that one's plea was involuntary is not barred by the forfeiture rule because that rule "has no application to defects which go directly to the guilty plea itself."[8] It would clearly be unfair and illogical to prohibit a defendant from challenging the voluntariness of their guilty plea on the grounds that they waived any such challenge by pleading guilty.

But although a defendant can challenge the voluntariness of their guilty plea, they usually cannot do so for the first time in a direct appeal. Rather, because evaluating whether the defendant's plea was voluntary typically requires further development of the record — specifically, of the circumstances surrounding the defendant's plea — a defendant claiming that their plea was involuntary must first file a motion to withdraw their plea under Criminal Rule 11(h).[9]

This concept was spelled out in two cases from the Alaska Supreme Court. In the first, *McKinnon v. State*, the supreme court considered whether a defendant who had been denied the right to be represented by his counsel of choice could subsequently challenge the validity of his guilty plea.[10] The court ruled that the defendant could

---

[8]   5 Wayne R. LaFave, *Criminal Procedure* § 21.6(a), at 232 (4th ed. 2022).

[9]   A defendant can move to withdraw their plea prior to sentencing by filing a motion in the underlying criminal case. Under Criminal Rule 11(h)(2), the court *must* grant a presentencing motion to withdraw a plea if "withdrawal is necessary to correct manifest injustice," but the court *may*, in its discretion, grant a presentencing motion to withdraw a plea for "any fair and just reason unless the prosecution has been substantially prejudiced." Under Criminal Rule 11(h)(3), by contrast, a defendant seeking to withdraw their plea *after* sentencing must file an application for post-conviction relief under AS 12.72. Such applications should be granted only when "withdrawal is necessary to correct a manifest injustice." *See Nelson v. State*, 440 P.3d 240, 247 (Alaska 2019).

[10]   *McKinnon v. State*, 526 P.2d 18, 21-24 (Alaska 1974).

challenge his plea on appeal because "the voluntariness and reliability of such a plea is inherently suspect."[11]

But *McKinnon* was later clarified in a second case, *Gordon v. State*.[12] In *Gordon*, the defendant argued on direct appeal that his plea was involuntary and asserted that this argument was permitted by *McKinnon*. But as our supreme court wrote in *Gordon*, "[a]lthough the *McKinnon* language sanctions appellate review of the voluntariness of a plea, it does not authorize bringing such claims by direct appeal."[13] Rather, "*McKinnon* merely stands for the proposition that a guilty or nolo plea will not insulate the conviction from subsequent appellate review, if the issue is properly raised."[14] As the court explained in a footnote, the defendant in *McKinnon* "was appealing from the denial of his motion to withdraw his plea," not raising the issue in a direct appeal from his judgment of conviction.[15]

Taylor points to a Ninth Circuit case, *United States v. Hernandez*, holding that defendants can challenge their guilty plea on direct appeal when they were erroneously denied their request for self-representation.[16] In *Hernandez*, the Ninth Circuit reasoned that the wrongful refusal of a request for self-representation automatically renders a defendant's guilty plea involuntary because it forces the defendant "to choose between pleading guilty and submitting to a trial *the very structure*

---

[11] *Id.* at 24.

[12] *Gordon v. State*, 577 P.2d 701, 703-04 (Alaska 1978).

[13] *Id.*

[14] *Id.* at 704.

[15] *Id.* at 704 n.3.

[16] *United States v. Hernandez*, 203 F.3d 614, 626-27 (9th Cir. 2000).

of which would be unconstitutional."[17] In other words, the Ninth Circuit reasoned that the erroneous denial of a request for self-representation *automatically* renders any subsequent plea involuntary, and thus "there is no need for any further factual information."[18]

The rest of the federal circuit courts to consider this issue, however, have rejected this reasoning in the context of self-representation.[19] In *United States v. Dewberry*, for example, the Eighth Circuit criticized the Ninth Circuit's rationale as being "based on the false premise that the defendant who is denied his right to represent himself is forced to either plead guilty or submit to an unconstitutional trial."[20] This premise is faulty because, as *Dewberry* explained, "if the defendant proceeded to trial and was convicted, he could seek an appellate remedy for the constitutional violations he alleged."[21] We agree with this reasoning and further note that a defendant who believes they have been erroneously denied their right to self-representation has the

---

[17]   *Id.* at 626 (emphasis in original).

[18]   *Id.* at 619.

[19]   *See, e.g.*, *Jackson v. Bartow*, 930 F.3d 930, 934-35 (7th Cir. 2019); *United States v. Dewberry*, 936 F.3d 803, 806 (8th Cir. 2019); *United States v. Montgomery*, 529 F.2d 1404, 1406-07 (10th Cir. 1976); *see also United States v. Moussaoui*, 591 F.3d 263, 279-80 (4th Cir. 2010) (holding that a guilty plea waives the right to assert the erroneous deprivation of counsel of choice); *United States v. Glover*, 8 F.4th 239, 245-46 (4th Cir. 2021) (declining to revisit *Moussaoui* in context of self-representation claim because parties did not raise, discuss, or even cite to *Moussaoui* in the briefs); *Werth v. Bell*, 692 F.3d 486, 495-96 (6th Cir. 2012) (discussing how state and federal courts are divided regarding whether the denial of a motion for self-representation necessarily renders a guilty plea involuntary and holding that, under a deferential standard of review, it was not a violation of clearly established law for Michigan courts to hold that the defendant waived his claim that he was deprived of his right of self-representation by pleading guilty).

[20]   *Dewberry*, 936 F.3d at 806 (citing *Moussaoui*, 591 F.3d at 280).

[21]   *Id.* at 806-07 (quoting *Moussaoui*, 591 F.3d at 280).

additional option of filing an interlocutory petition for review with this Court prior to going to trial or entering a guilty plea.[22]

We also note that there are significant differences, in the context of a guilty plea, between a defendant who has been denied their right to self-representation and a defendant who has been denied their right to counsel altogether. A defendant who has been denied the right to counsel has been denied their right to the assistance of a trained attorney in deciding whether to plead guilty. By contrast, a defendant who has been denied the right to self-representation has been denied the right to be their own counsel and make decisions that would usually have been entrusted to an attorney. This distinction is important in the context of a guilty plea because, unlike most decisions about a defendant's representation, the decision to plead guilty is entrusted to the defendant rather than the attorney.[23] Thus, for purposes of determining whether to plead guilty, a defendant who has erroneously been denied the right to represent themself stands in approximately the same position as they would have been if their request had been granted: they have the benefit of their own counsel and full autonomy to decide whether to plead guilty.

To be clear, we do not doubt that the denial of a defendant's request for self-representation *could* affect the defendant's decision to plead guilty and render that decision involuntary. Rather, like the majority of federal courts to consider this issue, we conclude that the erroneous denial of a request for self-representation does not *automatically* render a defendant's decision to plead guilty involuntary. Because we conclude that a guilty plea made after the erroneous denial of the right to self-representation will not always render a plea involuntary, and therefore further factual

---

[22] Alaska R. App. P. 402, 403.

[23] *See, e.g.*, *Murray v. State*, 344 P.3d 835, 840 (Alaska App. 2015); Alaska R. Prof. Conduct 1.2(a) ("In a criminal case, the lawyer shall abide by the client's decision . . . as to a plea to be entered.").

development would be needed to prevail on such a claim, we hold that Taylor's claim cannot be raised for the first time on direct appeal from his guilty plea.[24]

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[24] *See* Alaska R. Crim. P. 11(h) (explaining procedures for defendant seeking to withdraw their plea).