**STATE of Missouri, Respondent,**

v.

**Billy Wayne MADDOX, Appellant.**

**No. 55191.**

Supreme Court of Missouri, Division No. 1.

April 12, 1971.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Lester Watson, Richmond Heights, for appellant.

WELBORN, Commissioner.

Appeal by Billy Wayne Maddox from eight-year sentence, imposed under Second Offender Act, after jury found Maddox guilty of attempted burglary in the first degree.

The appellant's points on this appeal are all based on the contention that the evidence at the trial showed a completed offense of burglary and, therefore, he could not be convicted of an attempt. § 556.160, RSMo 1969, V.A.M.S.; State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42; State v. Baker, Mo.Sup., 276 S.W.2d 131. The evidence on this issue came from the state's witness, Mrs. Fern Baisch.

Mrs. Baisch testified that, at around 10:00 A.M., May 9, 1968, while she was in her apartment in St. Louis County, she heard three loud knocks on the glass portion of the front door to the apartment. The front door was locked. She walked toward the door and could see through the glass upper half of the front door and a bamboo curtain covering the glass. She saw two men outside her door. One man near the door cupped his hands over his eyes and looked into the apartment. That man then waved the second man away and the second man went to the steps, watching toward the street.

The man near the door started trying to put something into the lock. Then the doorknob started to turn. Three or four efforts were made to open the door in this manner, but they were unsuccessful. Next Mrs. Baisch heard a metallic object inserted into the door jamb and pulled down past the lock. According to Mrs Baisch: "I got mad and I yanked the door open. * * * He fell in [head first] at my feet on the floor. * * * I * * * asked him what * * * he was doing there. * * * He says, 'I am looking for Paula.' * * * And I said, 'Well, there is no Paula, or nobody lives in these buildings like that, and you're a liar.'" The intruder got up and started to leave. Mrs. Baisch told him to wait until she had called the police, but he left.

When Mrs. Baisch's husband returned home that evening, the police were notified. Mrs. Baisch gave a description of the intruder which eventually led to the arrest of Maddox. Mrs. Baisch identified him at the trial.

 Appellant's argument essentially is that the state's evidence showed an entry and therefore a completed burglary, not an attempt. The presence of any part of the burglar's body within the premises is a sufficient entry to provide that element of a charge of burglary. State v. Tierney, Mo. Sup., 371 S.W.2d 321; State v. Watson, Mo.Sup., 383 S.W.2d 753. However, the entry must have been accomplished in a manner that supplies the further element of breaking. Appellant was still engaged in his attempt to accomplish the breaking when, by the act of the occupant in opening the door, he did enter the apartment. The entry was the result of the occupant's act, not the appellant's breaking.

Appellant argues that his weight must have been against the door when Mrs. Baisch opened it so that the entry was not due solely to Mrs. Baisch's opening the door. Mrs. Baisch testified that she felt no force on the doorknob when she turned it and that she was unable to see the intruder do anything to the door with his body as she opened it. However, assuming that appellant was leaning against the door, the fact remains that his attempted breaking had not been accomplished. The door opened because Mrs. Baisch released the latch, not because of appellant's acts. Appellant's efforts had not reached the stage when his weight against the door alone permitted the entry. The action of Mrs. Baisch did not cause the breaking to become a completed act so that the subsequent entry constituted a burglary.

 Therefore, there was no completed offense of burglary. Appellant was "intercepted in executing" the burglary and was properly charged with attempted burglary. § 556.150, RSMo 1969, V.A.M.S. The basic premise of appellant's contention here having failed, the grounds of error urged are without merit.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.