**STATE of Alaska, Appellant,**

v.

**Charles M. SPENCER et al., Appellees.**

**No. 1742.**

Supreme Court of Alaska.

Sept. 14, 1973.

Harry L. Davis, Asst. Dist. Atty., Monroe N. Clayton, Dist. Atty., Fairbanks, John E. Havelock, Atty. Gen., Juneau, for appellant.

Eugene Belland, Thomas F. Keever, Charles E. Cole, David C. Backstrom, Asst.

Public Defender, Fairbanks, Herbert D. Soll, Public Defender, Anchorage, for appellees.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, Justices.

## OPINION

PER CURIAM.

The state appeals the dismissal of an indictment charging the four appellees with sodomy. The indictment reads as follows:

> "That on or about the 6th day of February, 1972, at or near Fairbanks, in the Fourth Judicial District, State of Alaska, Charles M. Spencer, Timothy W. Johnson, Herbert L. Hawthorne and Eli L. Ghete did wilfully, unlawfully and feloniously commit the crime of sodomy by each inserting his penis into the mouth of John E. Knight by the use of force and threats and against the will of the said John E. Knight.

> All of which is contrary to and in violation of Alaska Statute 11.40.120 and against the peace and dignity of the State of Alaska."

The superior court granted Ghete's motion to dismiss the indictment on the basis that the indictment failed to state an offense, and he held the order to apply to Spencer, Johnson, and Hawthorne as well. The court stated that "in deleting the words 'or has unnatural carnal copulation by means of the mouth' [the Legislature] intended simply, to strike this conduct from the prohibited list."[1]

We agree with the superior court's interpretation of the Legislature's intent. Prior to its amendment in 1971, AS 11.40.-120 labeled sodomy, the "crime against nature", and "unnatural carnal copulation by

---

1. Before 1971, AS 11.40.120 read:

   "A person who commits sodomy, or the crime against nature, or has unnatural carnal copulation by means of the mouth, or otherwise, either with a beast or human being, upon conviction, is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years."

   By Sec. 10, Ch. 32 SLA 1971 the statute was amended to read:

   "A person who commits sodomy, upon conviction, is punishable by imprisonment for not less than one year nor more than 10 years."

means of the mouth, or otherwise, either with a beast or human being" as criminal offenses. As amended in 1971 AS 11.40.-120 retains sodomy alone as a crime. In Harris v. State, 457 P.2d 638, 649 (Alaska 1969) we said:

> "Subsequent English cases make plain that the terms 'sodomy' and 'buggery' included at least anal penetration between man and man, *but did not include oral copulation.* Rex v. Jacobs, Russell & Ryan 331, 168 Eng.Rep. 830 (1817)." (Emphasis added.)

The state argues that the term "sodomy" is broad enough to encompass oral copulation, and that the Legislature was only eliminating surplusage when it amended the statute in 1971. This overlooks the significance of Harris v. State, *supra,* in the sequence of events. In *Harris* we declared the "crime against nature" portion of the statute void for vagueness and, therefore, unconstitutional. We also noted that the portion of the statute concerning oral copulation might be subject to the same constitutional infirmity. Thereafter the legislative amendment occurred.

▆▆ In light of this sequence of events we can only conclude that the Legislature

was purposely eliminating these previous offenses from statute prohibition, leaving the offense of sodomy as defined in the *Harris* opinion.[2] Accordingly we affirm the superior court's ruling to the extent that it held that in charging forcible oral copulation the indictment failed to state an offense.

We note, however, that under AS 11.-15.230, an unarmed individual "who unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes . . . another," is punishable by fine of up to $500 and/or by imprisonment of up to six months. The facts, acts, and circumstances of an assault and battery are set forth in the indictment with sufficient certainty to constitute that offense and to apprise appellees of the nature of the charge against them.[3] Therefore, the misnomer of the crime as sodomy and its inaccurate designation as a violation of AS 11.40.120 do not, in our opinion, utterly vitiate the indictment.[4] A satisfactorily articulated charge of assault and battery having been lodged, the case must be remanded for further proceedings.

Remanded.

---

2. *See* House Journal, Seventh Legislature, First Session, at 139 (February 1, 1971).

3. Harris v. State, 457 P.2d 638, 647–648 (Alaska 1969); Alaska Criminal Rule 7(c); 4 Wharton, Criminal Law and Procedure § 1770 at 568–69 (1957).

4. Rule 7(c) provides in part:
"The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. . . . No

indictment is insufficient, nor can the trial judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form in the indictment, which does not tend to prejudice the substantial rights of the defendant."
Rule 7(e) provides:
"If any error in form shall exist in any indictment or information or in the manner of describing the offense, or if a defendant is indicted by a fictitious or erroneous name and afterwards his true name is discovered, the court may permit the indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced."