Barry NIX, Appellant,

v.

STATE of Alaska, Appellee.

No. 5060.

Court of Appeals of Alaska.

March 5, 1981.

Joseph A. Kalamarides, Eckert, Kalamarides & Associates, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C. J., COATS and SINGLETON, JJ.

PER CURIAM.

This is an appeal from convictions by a jury on two counts of burglary in a dwelling. Nix contends that the indictment was defective. He was indicted and tried on three counts of burglary in a dwelling. He was acquitted on Count I which alleged that he had unlawfully entered a dwelling with the intent of committing larceny. The

challenged counts which resulted in his convictions charged, in Count II, that Nix

did unlawfully break and enter a dwelling house ... and [was] armed with a dangerous weapon ....

and, in Count III, that he

did unlawfully break and enter a dwelling house ... and assaulted Shelley Clark who was lawfully therein by striking her in the chest.

At trial Nix moved to dismiss the indictments. The motion was taken under advisement and was denied after trial. After Nix was given two consecutive ten year sentences, the second suspended, he moved to reduce the sentence, alleging a double jeopardy problem. The judge ordered entry of a judgment "amended to exclude any sentence on Count III of the indictment." Ultimately, he signed an amended judgment stating that "Count III has been dismissed for reasons of double jeopardy." Nix appeals.

Nix was charged with violations of former AS 11.20.080, which read in part:

A person who breaks and enters a dwelling house with intent to commit a crime in it, or having entered with that intent, breaks a dwelling house or is armed with a dangerous weapon in it, or assaults a person lawfully in it is guilty of burglary ....

Nix based his motion to dismiss on *Adkins v. State*, 389 P.2d 915 (Alaska 1964), in which the court held that "an indictment for burglary must specify by *name* the ulterior crime which it is alleged the accused intended to commit." (*Id.* at 916, emphasis added).

The state argued successfully below that AS 11.20.080 made it a criminal offense to enter a building lawfully, with no intent to commit a crime, and thereafter to be armed with a dangerous weapon or to assault a person lawfully in the house.

■ On appeal the state abandons its position below and concedes that the indictment was defective. The state's concession, however, is not determinative of the issue,

since "[t]he public interest in criminal appeals does not permit their disposition by party stipulation." *Marks v. State*, 496 P.2d 66, 67 (Alaska 1972) (footnote omitted); *see D. P. v. State*, 556 P.2d 1256 (Alaska 1976). This court must independently review the record to ensure that the alleged error exists and that it has a legal foundation. *Marks v. State*, 496 P.2d at 67–68.

■ We have concluded in reliance on *Adkins* that the *Marks* test is satisfied and that Counts II and III of the indictment are insufficient to charge burglary.

The state argues that the court should reverse the felony convictions and remand for entry of judgment on the misdemeanor offenses of unlawful entry and simple assault. It contends (1) the indictments adequately charged these offenses, and therefore the jury's guilty verdicts justify entry of judgment on them, and (2) the amended judgment which states that Count III has been dismissed was erroneously entered, and therefore a misdemeanor conviction for assault is justified.

Nix replies that Count III of the indictment has already been dismissed by the lower court's amended judgment. Furthermore, Nix claims that the jury's not guilty verdict on Count I of the indictment, coupled with a failure to expressly convict on a lesser included charge of unlawful entry on that count, should bar entry of judgment on that charge. Finally, Nix concludes, the amended judgment allegedly dismissing Count III was entered by the court and the state's failure to object below is a waiver of any right to contest the dismissal.

■ Under Alaska R.Crim.P. 7(a), misdemeanors may be prosecuted by indictment. Count II of the indictment charges Nix with an "unlawful" entry of the dwelling of another. We find that this language is sufficient to charge an unlawful entry under the facts of this case and inform Nix of those charges with sufficient particularity to have enabled him to plan his defense.[1]

---

1. The indictment does not allege lack of consent for the entry, (*see* AS 11.20.135) but it can

fairly be inferred from the allegation that the entry was unlawful and into a dwelling house

In Count III of the Nix indictment, all the elements of assault are charged[2] and the mere fact that the indictment contains surplus language directed to burglary charges, and that it cites the burglary statute rather than the misdemeanor statutes, does not vitiate it for purposes of a misdemeanor proceeding. *State v. Spencer*, 514 P.2d 14, 16 (Alaska 1973); *see Harris v. State*, 457 P.2d 638, 647–648 (Alaska 1969); *State v. Thomas*, 525 P.2d 1092, 1093–94 (Alaska 1974). The trial court therefore has authority, if the state so requests, the amended judgment is not a bar,[3] and defendant would not be unfairly prejudiced thereby, to order the entry of a judgment of conviction on the misdemeanor convictions for unlawful entry and assault. *Austin v. United States*, 382 F.2d 129, 140–143 (D.C. Cir.1967); *United States v. Seegers*, 445 F.2d 232, 234 (D.C.Cir.1971). *See* Alaska R.Crim.P. 36, 43; AS 12.20.020; Alaska R.App.P. 520; *cf. Shagloak v. State*, 582 P.2d 1034, 1038 (Alaska 1978).[4]

The convictions are REVERSED, and this case is REMANDED to the superior court for further proceedings consistent herewith.

---

other than his own. *See United States v. Thomas*, 444 F.2d 919, 924–927 (D.C.Cir.1971). While the jury was instructed on "unlawful entry" as a lesser included offense under Count I, they returned no verdict specifically addressing "unlawful entry". They did find Nix guilty under Counts II and III, necessarily concluding that he unlawfully entered the Shelley Clark residence armed with a dangerous weapon and assaulted Clark. Thus, construing all the verdicts together, we can reasonably infer a conviction of unlawful entry. *See United States v. Thomas, supra.*

2. Former AS 11.15.230 (repealed effective Jan. 1, 1980) read:

> Assault and assault and battery. A person not armed with a dangerous weapon, who unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, is punishable by a fine of not more than $500, or by imprisonment in a jail for not more than six months, or by both.

3. We believe that the state's argument that the amended judgment dismissing Count III was erroneous should be decided by the trial court before consideration on appeal. The parties have not briefed and we do not decide whether the double jeopardy clauses of the Alaska (art. I, § 9) and the United States Constitutions (amend. V) preclude the state's requests. *See Shagloak v. State*, 582 P.2d 1034 (Alaska 1978). Such matters should first be addressed in the trial court. We also decline to rule on whether the trial court is limited in imposing sentence on Count III by the fact that the court earlier imposed a suspended sentence on that count. *State v. Carlson*, 560 P.2d 26, 30 (Alaska 1977); *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971).

4. Implicit in our decision is the conclusion that the evidence introduced at trial was sufficient to support conviction of unlawful entry and assault.