**Barry NIX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–72.**

Court of Appeals of Alaska.

Nov. 2, 1984.

### OPINION

SINGLETON, Judge.

■ Barry Nix was convicted of misdemeanor assault, former AS 11.15.230, and

---

unauthorized entry, former AS 11.20.135. He appeals. This is the third time this case has been before this court. *See Nix v. State,* 624 P.2d 823 (Alaska App.1981), *State v. Nix,* Memorandum Opinion and Judgment No. 350 (April 27, 1983), and *Nix v. State,* Order of Clarification (November 23, 1981). Nix argues that the trial court failed to heed the mandates previously issued in this case. Specifically, he argues that the trial court erred by entering judgments of conviction against him without first determining whether he was actually afforded notice and an adequate opportunity to defend against the assault and unlawful entry charges, and by failing to make the requisite findings whether constitutional double jeopardy principles prohibited his conviction for assault. We have carefully reviewed Nix's arguments in light of the record and the mandates previously issued and conclude that no reversible error has occurred.

 The judgment of the superior court is AFFIRMED.[1]

---

1. In his appeal from the judgment entered on remand, Nix raises three issues for the first time. He argues that the prosecutor committed plain error in mentioning to the jury appellant's post-arrest silence, and in arguing that Nix entered his victim's trailer for the purpose of raping her. Finally, Nix argues that his counsel's failure to object to the prosecutor's argument constituted ineffective assistance of counsel. None of these errors, if established, is jurisdictional. While a finding of plain error would justify this court's recognizing an issue for the first time on appeal even though it was not preserved at the trial level, it does not justify raising an issue for the first time in an appeal from a judgment on remand after two prior appeals. We therefore decline to consider these additional issues. We do not decide whether Nix could raise these issues in an application for post-conviction relief. *See* Criminal Rule 35(c) and (j); *Marrone v. State,* 653 P.2d 672, 675 and n. 1 (Alaska App.1982).