STATE of Alaska, Appellant,

v.

Bryan R. ISON, Appellee.

No. A–2014.

Court of Appeals of Alaska.

Oct. 23, 1987.

Robert C. Anderson, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

In this case, we are asked to interpret AS 11.46.310, defining burglary, and to determine whether the trial court properly dismissed an indictment based upon a finding that the evidence presented to the grand jury, which returned a burglary indictment against Bryan R. Ison, was insufficient to support the charged offense, but was sufficient to establish an attempt to commit the charged offense. We affirm Judge James A. Hanson's finding that the evidence presented to the grand jury was insufficient to prove burglary. We conclude, however, that the indictment should not be dismissed but that the state should be limited to proving an attempt at trial.

On November 26, 1986, the grand jury returned a single-count indictment against Bryan R. Ison, charging as follows:

That on or about the 25th day of November, 1986 at or near Fairbanks, in the Fourth Judicial District, State of Alaska, Bryan R. Ison entered unlawfully in a building, the dwelling of Deborah Story, Apt. 14–D, 313 Wedgewood Manor, with intent to commit the crime of theft in the dwelling.

On January 23, 1987, Ison moved to dismiss the indictment on two grounds. First, he contended that the grand jury heard "inadmissible and prejudicial evidence"; and, second, he contended that the evidence presented to the grand jury was insufficient to establish the crime of burglary.

Alaska Statute 11.46.310 provides in relevant part:

(a) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building.

Additionally, AS 11.46.300(a)(1) provides that a burglary is an aggravated offense if the building is a dwelling.

Judge Hanson concluded that the state presented insufficient evidence to the grand jury to permit a finding that Ison "entered" the Story dwelling. He therefore dismissed the indictment. It appears that Judge Hanson did believe that the evidence was sufficient to show an attempted entry, but after consideration concluded that it would be inappropriate to "amend" the indictment to charge an attempt where the grand jury had found a completed offense. He therefore denied the state's motion to reconsider dismissal. Judge Hanson did not specifically rule on the issue of improper evidence before the grand jury.

Deborah Story was called as a witness before the grand jury. She testified that she resided at 313 Wedgewood Manor, apartment 14–D, and was on vacation from work during the week of November 24, 1986. Story said that on Tuesday, November 25, 1986, she awoke to hear rattling noises coming from the front door to her apartment. Upon investigation, she realized that someone was trying to open her door by manipulating an object between the door and its frame. It appeared to her that a credit card, or some similar object,

was being used to slip the lock. The card entered the doorway between the doorjam and the door, but did not protrude far enough into the living room for Story to grasp it. Story activated the deadbolt lock, and then looked through the peephole and saw a male individual who was bent down. She was unable to see his face but saw that he had black curly hair.

Story contacted the police department and an officer responded within five minutes. Upon arrival, the officer discovered the defendant, Bryan Ison, in the hall outside Story's door. Ison told the investigating officer that he had come to the Story residence to obtain his walkman stereo, knocked on the door and it popped open approximately eight inches, after which someone inside shut and locked the door. He denied placing any object between the door and the doorjam.

The driver's license or other object Ison used in attempting to gain entry to the Story residence, may have "entered" the apartment. Since it was used purely for gaining entry, however, and not to commit an offense within the apartment, Judge Hanson concluded that the state had failed to provide evidence of entry before the grand jury and dismissed the indictment.

It is important to recognize at the outset that neither party disputes that the indictment is formally sufficient to charge an offense of burglary. The dispute in this case concerns the evidence presented before the grand jury. The overwhelming majority of jurisdictions do not permit challenges to the sufficiency of the evidence before the grand jury. *See, e.g., Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); 2 W. LaFave and J. Israel, *Criminal Procedure* § 15.4 *et seq.* (1984). Alaska is one of a small minority of jurisdictions that does permit challenges to the sufficiency of the evidence. *See State v. Parks*, 437 P.2d 642 (Alaska 1968). Even in jurisdictions permitting challenges, however, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment. LaFave and Israel, *supra*, at 314. In

*Parks*, the supreme court articulated the following rule:

Under such a rule, the question is one of sufficiency of the evidence—whether it is adequate to persuade reasonable minded persons that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense.

437 P.2d at 644.

■ The question in this case is whether Ison's use of a credit card or driver's license as a device to attempt to trip Story's lock satisfied the entry requirement. Judge Hanson concluded that it did not, and we agree. In *Sears v. State*, 713 P.2d 1218, 1219 (Alaska App.1986), we noted that AS 11.46.310 was based upon a New York statute, and the New York statute, like the Alaska statute, did not define "enters." We quoted from the commentary to the New York statute and concluded as follows:

The word "enter" ... does not necessarily mean that the intruder must place his entire body inside the premises. The former [New York] Penal Law ... provided that the word "enter" included "the entrance of the offender into such building or apartment, or the insertion therein of any part of his body or of any instrument or weapon held in his hand, and used, or intended to be used, to threaten or intimidate the inmates, or to detach or remove." ... Such conduct would also constitute "entering" within the meaning of [the New York statute comparable to AS 11.46.310].

....

We think that "enters" in Alaska also means that the intruder enters by entry of his whole body, part of his body, or by insertion of any instrument that is intended to be used in the commission of a crime....

No part of Ison's body entered Story's apartment. Consequently, this case turns on whether his use of the credit card was "intended to be used in the commission of a crime." Specifically, whether Ison's attempt to trip Story's lock constituted a

sufficient "commission of a crime." There is a split of authority on this point. A majority of jurisdictions hold that entry by instrument is limited to the situation where the instrument is used to remove property from the premises or injure or threaten an occupant. This was the precise situation in *Sears. See, e.g., Foster v. State*, 220 So.2d 406 (Fla.App.1969); *People v. Davis*, 3 Ill. App.3d 738, 279 N.E.2d 179 (1972); *State v. Liberty*, 280 A.2d 805 (Me.1971); *State v. Maddox*, 465 S.W.2d 607 (Mo.1971); *State v. O'Leary*, 31 N.J.Super. 411, 107 A.2d 13 (1954); *People v. King*, 61 N.Y.2d 550, 475 N.Y.S.2d 260, 463 N.E.2d 601 (1984); and *People v. Tragni*, 113 Misc.2d 852, 449 N.Y.S.2d 923 (1982); R. Perkins, *Criminal Law* at 198–200 (2d ed. 1969). In contrast, a minority of jurisdictions will permit a jury to find an entry where the only intrusion is by an instrument used in an unsuccessful attempt to gain entry. *See People v. Osegueda*, 163 Cal.App.3d Supp. 25, 210 Cal.Rptr. 182 (1984); *People v. Walters*, 249 Cal.App.2d 547, 57 Cal.Rptr. 484 (1967); *State v. Tixier*, 89 N.M. 292, 551 P.2d 987 (App.1976).

Perkins explains the majority rule as follows:

> The ancient style of lock and key, not entirely unknown even today, was such that when the key was inserted into the lock, the tip went entirely through and extended out a fraction of an inch on the other side and the special rule in regard to a tool or instrument was developed to ensure that the mere insertion of the key would not be held sufficient to complete the burglary. This was unnecessary because it clearly would not constitute a break-in.

Perkins, *supra*, at 199. While the original justification for the rule might be unpersuasive, we are nevertheless satisfied that the majority rule should be adopted in this jurisdiction. The legislature could have, but did not, define "entry." In the absence of statutory definition, we are persuaded to follow a rule of "lenity" and construe this statute strictly against the state. *See State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986).

Burglary, after all, is an inchoate crime akin to attempt, where a defendant is punished for entering a building with the intent to commit some other crime, but punishment does not require the completion of the other crime. By permitting an instrumental entry to satisfy this element of the offense only when the instrument is to be used in connection with the ulterior crime, we properly differentiate between attempted burglary, burglary, and the commission of the ultimate offense which, here, was charged as theft. In the instant case, Ison was unable to penetrate Story's apartment or use an instrument to gain access to Story's property in order to attempt to steal it. His crime was therefore attempted burglary, not burglary. We therefore conclude that Judge Hanson was correct in holding that Ison, at most, was guilty of attempted burglary.

The state argues that Judge Hanson should not have dismissed the indictment on this basis but should simply have amended it to charge attempted burglary. Judge Hanson indicated that he initially wished to *sua sponte* reduce the charge to attempted burglary, but decided that he lacked the authority to do this. We are satisfied that Judge Hanson did have the authority and, in fact, was required to reduce the charge rather than dismiss the indictment. *See, e.g., State v. Spencer*, 514 P.2d 14 (Alaska 1973). We believe this conclusion is required by Alaska Criminal Rule 31(c) which provides:

> The defendant may be found guilty of an offense necessarily included in the offense charged, [in the indictment] or of an attempt to commit either the offense charged or the offense necessarily included therein if the attempt is an offense. When it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only.

*See, e.g., Moore v. State*, 740 P.2d 472 (Alaska App.1987); *Blackhurst v. State*, 721 P.2d 645, 649–50 (Alaska App.1986)

(without amending indictment, defendant may be convicted, even over objection, of any lesser-included offense).

 As we read Criminal Rule 31, the supreme court has provided that an indictment charging a greater offense necessarily also charges all lesser-included offenses as well as attempts. Consequently, where a trial court finds that there was insufficient evidence to permit an indictment charging the greater offense, but sufficient evidence to charge the lesser offense including an attempt, the indictment should not be dismissed, but the charges should be reduced to charge the lesser offense. *See Spencer*, 514 P.2d at 16.

The judgment of the superior court is affirmed in part and reversed in part. This case is REMANDED. On remand, the trial court should rule on Ison's alternate motion to dismiss the indictment.