Keith NOEL, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2117.

Court of Appeals of Alaska.

May 6, 1988.

Mary C. Geddes, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

Adrianne P. Fedor, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

A jury convicted Keith Noel of assault in the fourth degree, for threatening his wife with a knife. AS 11.41.230(a)(3). District Court Judge John D. Mason sentenced Noel to 180 days with 160 days suspended and placed him on probation for two years. Noel appeals the denial of his motion for mistrial based on prosecutorial misconduct. We reverse.

At trial, Keith Noel's wife, Nita Noel, testified that on the night of the offense, she and her husband returned to their apartment with two friends after an evening of drinking at a local bar. The evidence at trial indicated that Nita was intoxicated. Nita testified that she and her husband argued, and that her husband threatened to "cut her head" with a knife. As the argument intensified, Nita attempted to leave the premises. Keith forcibly attempted to prevent her from leaving. The couple fell and struggled on the floor outside the apartment door. Nita eventually freed herself and called the police from a phone booth outside the apartment building.

Two Anchorage police officers, Bruce Richter and David Hoffman, testified that when they arrived at the scene, they observed that Nita had a split lip and appeared to be extremely frightened of her husband. The officers also noticed that Keith had a knife on his person.

Arlene Joseph, a friend who was present with her husband at the apartment on the evening of the offense, testified that she did not observe Keith Noel in possession of a knife. She also testified that she did not hear Keith Noel make any threats involving the usage of a knife. Joseph did state, however, that the couple struggled outside the apartment door.

During closing argument, defense counsel contended that the evidence proved that Noel had engaged in disorderly conduct, but failed to support the charge that he had committed an assault with a knife against his wife. In rebuttal, the prosecutor argued:

PROSECUTOR: Ladies and gentlemen, assaults by husbands on their wives are just entirely too prevalent in our society, especially when alcohol is involved. Women and wives act as a personal punching bag of their husbands or their men. Men can't control, or won't control their anger and it's only when people like Nita Noel are scared enough, ladies and gentlemen, threatened enough, that we find out about most of these assaults. It's only when somebody has the courage and the fear to form that courage to call 911 that we find out about Nita Noel's predicament. Ladies and gentlemen, the law recognizes several levels of assault. There's assault in the first degree which involves—

DEFENSE ATTORNEY: Objection.

COURT: Grounds?

DEFENSE ATTORNEY: She's arguing law that is not applicable in this case.

COURT: I really haven't figured out exactly what she's trying to argue yet. What are you trying to argue?

PROSECUTOR: Your Honor, I'm trying to put this charge in context.

COURT: Proceed. You can renew your objection after I figure out a little more in detail where she's trying to go.

PROSECUTOR: Assault in the first degree is the causing of serious physical injury with a dangerous instrument. Assault in the second degree is causing physical injury as [opposed] to serious physical injury—

COURT: Unless she, unless she misstates the assaults, overruled.

PROSECUTOR: —is causing physical injury with a dangerous instrument. Assault in the third degree is placing in fear of imminent serious physical injury by a dangerous instrument and assault in the fourth degree is merely by words or conduct placing another in fear of serious physical injury. Technically, Mr. Noel could have been charged with assault in the third degree because he—

DEFENSE ATTORNEY: Objection.

COURT: I think it's fair. Argument overruled.

PROSECUTOR: —could have been charged with assault in third degree because by use of a dangerous instrument, a knife, he placed his wife in fear of serious physical injury, but he's already been granted the leniency which defense counsel—

DEFENSE ATTORNEY: Objection, Your Honor. I wish to approach the bench and argue this—

COURT: I think I can follow it. I don't think that's an unfair argument. Overruled. The jury will determine what the facts are.

DEFENSE ATTORNEY: Your Honor, I would, I would ask for a mistrial at this point based upon that argument.

COURT: Denied. Proceed.

PROSECUTOR: Thank you, Your Honor. The defense counsel asks you for leniency, says there are a lot of extenuating circumstances in this case. This is a woman who was intoxicated. This was a woman who wanted to go out and party that night and somehow that makes his conduct a little less offensive. Well, ladies and gentlemen, he's already been granted all the leniency he deserves and the charge is assault in the fourth degree and that's the charge that you're here to enforce....

After the return of the verdict, the trial court heard oral argument and reviewed briefing on Noel's mistrial motion. The trial court subsequently denied Noel's motion for a mistrial. Judge Mason found that the failure to sustain the defense objection constituted error, but that such error was harmless.

On appeal, Noel argues that there were three instances of prosecutorial misconduct during closing arguments sufficient to warrant a mistrial. First, according to Noel, when the prosecutor read the jurors the elements of assault in the first, second, and third degrees, she led the jurors to believe that Noel was, in fact, guilty of a more serious offense than that for which he had been charged. Second, Noel contends that the prosecutor's statement that Noel had already been granted leniency constituted an impermissible expression of opinion concerning the defendant's guilt. Third, Noel argues that the prosecutor's comment that the jury's function is to "enforce" the laws was improper.

 We agree that the trial court erred in failing to sustain the defense objections. The prosecutor's presentation of the elements of the various degrees of assault violated ABA Standard 3–5.8(d):

The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

I *Standards for Criminal Justice* § 3–5.8(d) (2d ed. 1982). Moreover, the prosecutor's comments concerning leniency appear to be inconsistent with the ethical tenet that a prosecutor shall not assert personal opinion about the culpability of the defendant. As the Supreme Court has explained in *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985):

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*Id.* at 18–19, 105 S.Ct. at 1048 (citation omitted). Similarly, when the prosecutor urged the jury to "enforce" the charge of assault in the fourth degree, the state, in effect, exhorted the jury to "do its job." This was also in contravention of *Young*. *See id.* at 18, 105 S.Ct. at 1047.

We are unable to conclude that these improper arguments did not influence the jury's verdict. Accordingly, we find the error was not harmless and reverse Noel's conviction for assault in the fourth degree.[1]

The judgment of the district court is REVERSED.

---

**1.** Apparently, Noel's counsel argued that Noel was not guilty of fourth degree assault, but was guilty of disorderly conduct. The court instructed on disorderly conduct as a lesser-included offense. It therefore appears that, if the prosecution so elects, and if the trial judge determines that Noel would not be unfairly prejudiced, the court may enter a judgment of conviction for disorderly conduct. *See Kirby v. State,* 649 P.2d 963, 970–71 (Alaska App.1982); *Nix v. State,* 624 P.2d 823, 825 (Alaska App.1981).