**Patrick D. KENNEDY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A.–2850.**

Court of Appeals of Alaska.

Feb. 16, 1990.

John C. Pharr, Anchorage, for appellant.

Susan A. Parkes, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., SINGLETON, J., and WOLVERTON, District Court Judge.[*]

OPINION

SINGLETON, Judge.

In 1984 and 1985, Patrick D. Kennedy pled no contest to a number of charges of driving while license suspended (DWLS) in violation of AS 28.15.291 and Anchorage Municipal Code (AMC) § 09.12.010(b).

On June 8, 1988, Kennedy applied for post-conviction relief. In his application, Kennedy pointed out that he could not be convicted of driving while license suspended because no state had ever issued him a driver's license. At the hearing on the application, the state conceded that Kennedy was entitled to relief. The state argued that the appropriate relief was to reduce each DWLS conviction to driving without a license (DWOL) in violation of AS 28.15.-011(b). Kennedy disagreed and argued that the appropriate remedy was an outright dismissal of each of the DWLS charges. District Court Judge Natalie K. Finn substituted each DWLS plea with a DWOL plea. In the court's view,

> to the extent that Mr. Kennedy is entitled to post-conviction relief, it is because he was convicted of a charge which he should not have been convicted solely

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

because of one of the elements that nobody was aware of at the time. And, the lesser included offense of which he could have been convicted upon his plea—there is no defect with that charge. This is not forcing him to enter a plea to a charge. It is simply correcting essentially three illegal sentences because they exceed the maximum for which he could have been convicted. I think that there is an argument that when people enter pleas, they waive their right to present these type of defenses.

The court then imposed a reduced sentence for each DWOL. Kennedy appeals from the court's substitution order.

## DISCUSSION

■ It is clear that Kennedy was entitled to post-conviction relief since one who has no driver's license cannot be convicted of driving with license suspended or driving while license revoked. *Roberts v. State*, 700 P.2d 815, 818 (Alaska App.1985); *Francis v. Anchorage* 641 P.2d 226, 228 (Alaska App.1982). Alaska Statute 28.15.-291 provides in relevant part:

A person may not drive a motor vehicle on a highway or vehicular way or area at a time when that person's driver's license, or privilege to drive has been cancelled, suspended, or revoked in this or another jurisdiction, or when driving in violation of a limitation placed upon that person's license or privilege to drive in this or another jurisdiction.

Alaska Statute 28.15.011(b) provides:

Every person exercising the person's privilege to drive, or exercising any degree of physical control of a motor vehicle upon a highway, vehicular way or area, or other public property in this state, is required to have in the possession of the person a valid Alaska driver's license issued under the provisions of this chapter for the type or class of vehicle driven, unless expressly exempted by law from this requirement.

■ The state argues that DWOL is a lesser-included offense of DWLS. There-

fore, when Kennedy pled to DWLS, he also pled to the lesser-included offense of DWOL. We agree. Alaska Rule of Criminal Procedure 31(c) provides: "[a] defendant may be found guilty of an offense necessarily included in the offense charged...."

A offense is "necessarily" included in the offense "charged" when it is impossible to commit the charged offense without also committing the included offense. Alaska has adopted the cognate approach to determining when one offense is a lesser-included offense of another. The cognate approach focuses on the facts charged in the complaint or indictment and on the evidence actually presented at trial to determine whether the defendant had actual notice of possible lesser-included offenses. *Comeau v. State*, 758 P.2d 108, 109–10 (Alaska App.1988). Before one offense may be deemed a lesser-included offense of the other, there must exist a disputed fact which distinguishes the two offenses. It has also been held that there must be an inherent relationship between the two offenses. *See Moore v. State*, 740 P.2d 472 473–74 (Alaska App.1987).

Applying these principles in the instant case, it is apparent that DWOL is a lessor-included offense of DWLS. As the state points out, DWOL requires a showing that at the time the defendant drove, he did not possess a valid operator's license. DWLS requires a showing that at the time the defendant drove, he did not have a valid operator's license because it was suspended. Thus, a person who drives with a suspended license also drives without a valid license. The disputed fact which distinguishes the two offenses is whether or not the subject had his or her driver's license suspended. The trial court's substitution of DWOL was therefore appropriate because when Kennedy voluntarily pled to DWLS he in effect voluntarily pled to DWOL as well.

This conclusion finds further support in *State v. Ison*, 744 P.2d 416 (Alaska App.

1987), where we held that an indictment charging a greater offense necessarily also charges all lesser-included offenses as well as attempts. "Consequently, where a trial court finds that there was insufficient evidence to permit an indictment charging the greater offense, but sufficient evidence to charge the lesser offense including an attempt, the indictment should not be dismissed, but the charges should be reduced to charge the lesser offense." *Id.* at 420. Our decision is also supported in *Nix v. State,* 624 P.2d 823 (Alaska App.1981). In *Nix,* the defendant was convicted by a jury of two counts of burglary in a dwelling. The indictment specifically alleged in Count II that "Nix did unlawfully break and enter a dwelling house ... and [was] armed with a dangerous weapon ..." and, in Count III, that he "did unlawfully break and enter a dwelling house ... and assaulted Shelly Clark who was lawfully therein by striking her in the chest." *Id.* at 823–24. Nix challenged his conviction on the ground that the language of the indictment was insufficient to charge burglary because it failed to specify by name the ulterior crime which he allegedly intended to commit when he broke into the dwelling. *Id.* at 824.

The state conceded error and requested that the court reverse the felony conviction, but remand for entry of judgment on the misdemeanor offenses of unlawful entry and simple assault. We concluded that it was permissible for the trial court to do so because the language in the indictment informed Nix of the unlawful entry and assault charges with sufficient particularity to have enabled him to plan his defense. We noted that the entry of judgment was permissible so long as Nix was not "unfairly prejudiced" thereby. *Id.* at 824–25. *Accord, United States v. Thomas,* 444 F.2d 919, 924–27 (D.C.Cir.1971); *United States v. Seegers,* 445 F.2d 232, 233–34 (D.C.Cir. 1971) (where burglary indictment failed to identify offense accused intended to commit upon entry, court's entry of judgment

of conviction for unlawful entry was proper).

Like the defendants in each of the cited cases, Kennedy, upon his conviction by the lower court, received sufficient notice of the lesser-included offense at the time he entered his plea. There was no evidence he was prejudiced in any manner by the court's action. Kennedy predicated his motion for post-conviction relief on the fact that he had never had an Alaskan driver's license. He did not dispute that he was driving at the time he was charged with driving with a suspended license. There is nothing in the record to suggest that Kennedy's plea was involuntary or that he did not understand the charges to which he pled. A knowing and voluntary plea to a greater offense necessarily includes a knowing and voluntary plea to all lesser-included offenses.

Kennedy contends that *State v. Carlson,* 555 P.2d 269 (Alaska 1976), precluded the trial court from substituting a plea against the defendant's will. Kennedy's reliance on *Carlson* is misplaced. In *Carlson,* the trial court accepted, over the state's objection, a plea to a charge of manslaughter from a defendant who had originally been charged with murder. The state petitioned for review. The defendant argued that the court had the power to dismiss or strike out parts of an information or indictment. In the defendant's view, because manslaughter was a lesser-included charge of murder, the court was permitted to strike out part of the charge. *Id.* at 270–71. The supreme court reversed on the ground that "the determination whether or not to prosecute and the precise charge to be lodged against an accused are initially committed to the discretion of the executive branch...." *Id.* at 275. In *Carlson,* the voluntariness of the defendant's plea was not at issue. In this case, the prosecution specifically requested that Judge Finn enter judgment on the lesser-included offense. Consequently, the *Carlson* court's

concern that trial courts not interfere with prosecutorial discretion is not involved.

The judgment of the district court is AFFIRMED.[1]

1. As we noted in *Nix*, Kennedy could have avoided the result in this case if he could show that he was somehow prejudiced by substitution of a DWOL conviction for a DWLS conviction. 624 P.2d at 825. Thus, if Kennedy had a defense to a DWOL prosecution that would not have been a defense to a DWLS conviction, this decision would not preclude Kennedy from arguing this in a subsequent motion for post-conviction relief. In the absence of some reason for concluding that a voluntary plea to a greater offense should not be deemed to include a voluntary plea to a lesser-included offense, we do not find prejudice.