74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl R. LAPIERRE, Plaintiff-Appellant,
v.
Larry KINCHELOE, Superintendent, Spring Creek Correctional
Center, Alaska Department of Corrections,
Defendant-Appellee.
 No. 94-35866.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1995.*
Decided Jan. 19, 1996.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review the district court's denial of the petition de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 I. Double Jeopardy Claims.
 
 
 4
 On appeal from LaPierre's first trial, the Alaska Court of Appeals, reversed, stating:
 
 
 5
 We thus hold that the trial court erred in denying LaPierre's request for a heat of passion instruction. While reversal of LaPierre's murder conviction will therefore be required, LaPierre is not necessarily entitled to a new trial. Had the jury been instructed on the defense of heat of passion, there is a reasonable probability that it might have convicted LaPierre of manslaughter instead of murder. There is no reason, however, to believe that a heat of passion instruction might of led the jury to acquit altogether. Under these circumstances, unless other error is found warranting reversal, the state should be given the opportunity, in lieu of a retrial on the murder charges, to elect the entry of judgment against LaPierre for manslaughter as to both Dakutak and Snow. See Nix v. State, 624 P.2d 823, 824-25 (Alaska App.1981).
 
 
 6
 LaPierre v. State, 734 P.2d 997, 1001-02 (Alaska Ct.App.1987).
 
 
 7
 LaPierre argues that his retrial amounted to double jeopardy, because "jeopardy attached" twice before the retrial. The two occasions are (1) when the state appellate court gave the government the option of taking manslaughter convictions in lieu of its murder convictions, and (2) when the prosecutor asked the court on remand to enter convictions on two counts of manslaughter.
 
 
 8
 LaPierre was not placed in jeopardy twice. Jeopardy attaches when a "defendant is put to trial before the trier of facts, whether the trier be a jury or a judge." Serfass v. United States, 420 U.S. 376, 388 (1975) (internal quotations omitted). "In the case of a jury trial, jeopardy attaches when the jury is empaneled and sworn." Id. (citations omitted). When a conviction is reversed on grounds other than insufficiency of the evidence, retrial is permissible and does not violate the double jeopardy clause. United States v. Todd, 964 F.2d 925, 929 (9th Cir.1992). LaPierre was retried after a reversal on grounds other than insufficiency of evidence. That is not a violation of his constitutional right.
 
 
 9
 The state appellate court determination was consistent with the established state procedure of allowing the state to either accept lesser convictions or retry the defendant. Nix v. State, 624 P.2d 823, 824-25 (Alaska App.1981). This procedure has not been found to violate the double jeopardy clause. See, e.g., United States v. Seegers, 445 F.2d 232, 233-34 (D.C.Cir.1971); United States v. Industrial Laboratories Co., 456 F.2d 908, 911 (10th Cir.1972); Marion v. Beto, 434 F.2d 29, 33 (5th Cir.1970). Even if it did, that would not help LaPierre, because the state did not take the manslaughter convictions, and LaPierre went to trial on both charges again. The effect of the appellate court decision was that LaPierre went to trial again, after reversal for ordinary trial error in his first trial.
 
 
 10
 LaPierre relies on Oregon v. Kennedy, 456 U.S. 667, 679, 102 S.Ct. 2083, 2091 (1982), to support his argument that the state's request for entry of judgment caused his second trial to violate his double jeopardy rights. In Oregon v. Kennedy, the Court held that prosecutorial misconduct does not bar retrial "absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." Id. at 676.
 
 
 11
 Kennedy has no application to the prosecution request in the case at bar. The prosecution sought, prior to the retrial, to have the court give it a floor, so that even if it lost, it would have manslaughter convictions entered. When the judge rejected its position, the prosecution sought to take a manslaughter conviction on one victim and go to trial on the murder charge relating to the other victim. The judge rejected that position too. The prosecutor was not trying to "goad the defendant into moving for a mistrial." Id.
 
 
 12
 II. Confrontation and Compulsory Process.
 
 
 13
 LaPierre argues that the trial court's refusal to allow questioning about a bar grievance against the prosecutor in the first LaPierre trial violated his Sixth Amendment rights. See Washington v. Texas, 38 U.S. 14 (1967). The trial judge excluded the evidence based on the following reasoning:
 
 
 14
 THE COURT: I think that both counsel understand what I want to keep out of this trial, and that is the whole side issue of the trial of Bryan Schuler because I'm sure you'll agree that if Bryan Schuler were tried and all the evidence in the world were brought in and it was proved conclusively that Mr. Pattison was lying about Mr. Schuler, you would be the first one, and I would agree with you, that it does not mean that he's not telling the truth about what he saw on that night.
 
 
 15
 MR. DEWEY: That's true.
 
 
 16
 THE COURT: So that's why I think that the Schuler trial is irrelevant, because whether or not Bryan Schuler misconducted himself has got very little to do with whether this witness is telling the truth if the jury chooses to believe him.
 
 
 17
 "Although the Sixth Amendment's guarantee to an accused of 'compulsory process for obtaining witnesses in his favor' prevents the state from arbitrarily excluding testimony, state courts have a strong interest in prompt and efficient trials." Jordan v. Ducharme, 983 F.2d 933, 938 (9th Cir.1993) (internal citations omitted).
 
 
 18
 The right to present relevant testimony is not without limitation. The right may in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. We have explained for example, that trial judges retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.
 
 
 19
 Michigan v. Lucas, 500 U.S. 145, 149 (1991) (internal quotations and citations omitted). In determining whether Sixth Amendment compulsory process claims have been violated we apply a balancing test, "weighing the interest of the defendant against the state interest in the evidentiary rule." Perry v. Rushen, 713 F.2d 1447, 1450 (9th Cir.1983). LaPierre must, however, present "unusually compelling circumstances ... to outweigh the strong state interest in administration of its trials." Id. at 1452.
 
 
 20
 The cab driver testified more favorably to LaPierre in the second trial, more favorably to the prosecution in his police statement, grand jury testimony, and the first LaPierre trial. The prosecutor was permitted to use the inconsistencies to impeach the cab driver in the second trial. LaPierre's attorney sought to rehabilitate by eliciting testimony that (1) the prosecutor had threatened the cab driver with prosecution if he testified to what the cab driver said was the truth, (2) the cab driver had filed a bar grievance against the prosecutor, and (3) the prosecutor had been suspended from the bar and had left the state after a shoplifting conviction. He requested a subpoena, at the end of the trial after the judge limited cross examination of the cab driver, to require the former prosecutor to fly in from out of state and testify. The judge let the defense rehabilitate by eliciting the threat, but no more, and denied permission to subpoena the former prosecutor. The unresolved bar grievance by the cab driver and the shoplifting affair would lead to a side trial of the prosecutor in the former case, the judge felt, which would not contribute much to determining whether the cab driver was telling the truth in LaPierre's trial.
 
 
 21
 We are not a state appellate court, and have no authority to review this evidentiary ruling for abuse of discretion, though there is no reason to doubt that it was a permissible exercise of discretion. The limitations on cross examination of the cab driver fell within the "wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about ... confusion of the issues." Michigan v. Lucas, 500 U.S. at 149. The denial of defendant's request that the former prosecutor be subpoenaed was a permissible balancing of interests, because of the marginal relevance of the former prosecutor's testimony. Nothing for which the former's prosecutor's testimony was sought would directly exculpate LaPierre, and there are no "unusually compelling circumstances ... to outweigh the strong state interest in administration of its trials." Perry, 713 F.2d at 1452.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3