**STATE of Alaska and Thomas J. Phillips, Jr., Petitioners,**

v.

**DISTRICT COURT, Respondent.**

No. A–8101.

Court of Appeals of Alaska.

Sept. 13, 2002.

Kim S. Stone, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner State of Alaska.

Margi A. Mock, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Petitioner Thomas J. Phillips, Jr.

Robert C. Bundy and Maarten Vermaat, Dorsey & Whitney, LLP, Anchorage, for Respondent.

Before: MANNHEIMER and STEWART, Judges, and ANDREWS, Superior Court Judge.*

*OPINION*

MANNHEIMER, Judge.

This case is unusual because the State and a criminal defendant find themselves making common cause against a ruling of the district court.

The State charged Thomas J. Phillips, Jr., with the felony of first-degree failure to register as a sex offender, AS 11.56.835(a)(1). A person commits this offense if they fail to register as a sex offender and, additionally, they have a previous conviction for failing to register.

About a month later, the State and Phillips reached a plea agreement. Under the terms of this agreement, Phillips would plead no contest to a misdemeanor: the lesser charge of second-degree failure to register, AS 11.56.840(a). This is the same basic offense, but without the allegation that Phillips had a previous conviction. The parties further

agreed that Phillips would receive a sentence of 12 months' imprisonment with 6 months suspended.

But when the State and Phillips presented this plea agreement to District Court Judge Natalie K. Finn, she refused to accept it. Judge Finn told the parties that she was "unwilling to accept a plea to a misdemeanor when, [under the facts], this is a felony". The judge explained:

> The Court: I don't feel [that] it's within the State's discretion to choose to treat [Phillips's offense] as a misdemeanor ... because this is not a misdemeanor; it's a felony, according to the legislature. I'm unwilling to accept a plea to a misdemeanor [when], factually, it is not a misdemeanor; factually, it's a felony. So you need to go back to the drawing boards on this one.... I think it's an elements issue, counsel. If [Phillips] is pleading no contest to [this] charge and [he] has previously been convicted, then, under the ... law [enacted by] the legislature ..., that's a felony. So it's not ... discretionary, from my point of view.

Both the State and Phillips now petition this Court to review and reverse the district court's decision—asking us, in essence, to direct the district court to accept Phillips's plea to the lesser charge of second-degree failure to register even though the State could prove the greater charge.

*The district court's response*

Before we decide the issue raised by the State and Phillips, we must address the response filed by the attorneys hired by the Alaska Court System to represent the district court. The attorneys for the district court argue that Judge Finn rejected the plea agreement, not because the State lacked legal authority to reduce the charge, but rather because Judge Finn concluded that the proposed sentence of 6 months to serve was inappropriately lenient for a defendant with Phillips's criminal record.

There are two problems with this argument. First, it is inconsistent with Judge Finn's own explanation of why she rejected

---

* Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution.

the plea bargain. Second, if Judge Finn had indeed believed that the flaw in the plea agreement was an overly lenient sentence, she would have followed a different course.

Under Alaska Criminal Rule 11(e)(3), if a judge believes that a proposed plea agreement calls for a sentence that is too lenient, "the court shall inform the parties of this fact[, shall] advise ... the defendant personally in open court that the court [will not be] bound by the agreement[, and shall] afford the defendant the opportunity to withdraw the plea". In other words, if Judge Finn believed that Phillips's proposed sentence of 6 months to serve was unreasonably lenient, she would have warned Phillips that, if he persisted in his plea, she would likely impose a greater sentence, and she would have offered Phillips the opportunity to withdraw his tendered plea of no contest. Instead, Judge Finn told the parties that under no circumstances would she accept Phillips's plea to a misdemeanor when, factually, his conduct amounted to a felony.

For these reasons, we reject the gloss placed on events by the attorneys representing the district court. We agree with the State and Phillips that Judge Finn rejected the plea agreement because she concluded that, as a legal matter, the State was barred from reducing the charge to a misdemeanor.

█ Judge Finn's ruling was based on the premise that if Phillips indeed had a prior conviction for failing to register as a sex offender, then the State was legally obliged to plead and prove that prior conviction. For the reasons explained in the next section of this opinion, we conclude that this premise is wrong.

*The State has the authority to refrain from charging a defendant with the most serious crime that the facts of the case would support*

Both the Alaska Supreme Court and this Court have declared that charging decisions are committed to the discretion of the executive branch; so long as these decisions are exercised within constitutional bounds, they are not subject to judicial control or review.

In *Public Defender Agency v. Superior Court*[1], the supreme court declared that the executive branch has exclusive authority to decide whether and how to prosecute a case: "the Attorney General cannot be controlled in either his decision of whether to proceed, or in his disposition of the proceeding."[2] The supreme court ruled that the superior court had usurped this executive discretion—thereby violating the doctrine of separation of powers—when the court ordered the Attorney General's office to prosecute a civil action for child support.[3]

In *State v. Carlson*[4], the supreme court applied this principle in a criminal case. Over the State's objection, a superior court judge accepted a murder defendant's plea to the lesser offense of manslaughter. The supreme court ruled that even though Alaska Criminal Rule 43(c) gives trial judges the authority to dismiss a criminal case when justice requires, this authority does not include the power to engage in charge bargaining with the defendant.[5] The supreme court concluded that the trial court had, in effect, ordered the district attorney not to prosecute the defendant for murder—thus "usurp[ing] the executive function of choosing which charge to initiate."[6]

Subsequent Alaska cases have reaffirmed that the executive branch has broad discretion to decide whether to initiate criminal charges and, if so, what charges to bring. *See Surina v. Buckalew*[7] (noting that prosecutors have wide discretion in deciding whether to institute criminal proceedings); *Nao v. State*[8] (declaring that "prosecutors have traditionally been vested with wide-ranging discretion as to whether to bring

---

1. 534 P.2d 947 (Alaska 1975).

2. *Id.* at 950.

3. *Id.* at 951.

4. 555 P.2d 269 (Alaska 1976).

5. *Id.* at 271–72.

6. *Id.* at 272.

7. 629 P.2d 969, 973 (Alaska 1981).

8. 953 P.2d 522, 526 (Alaska App.1998).

criminal charges and, if so, what charges to bring"); and *State v. Jones*[9] (holding that Criminal Rule 43(c) does not give courts the authority to "intrude into the executive function by choosing which charge to bring against a defendant or which defendant should be prosecuted").

However, none of these cases directly addresses the issue raised in the present appeal. Here, Judge Finn did not purport to substitute her own judgement for the district attorney's judgement concerning what charge to pursue against Phillips. Rather, Judge Finn ruled that the district attorney's office lacked the authority to exercise its discretion in the way contemplated by the plea agreement.

■ The true issue presented here is whether the executive branch has the discretion to charge a defendant with a less serious crime than the undisputed facts would support. Although there is no Alaska appellate decision directly on point, other courts are virtually unanimous that the executive branch does have this authority.

In *State v. Medina*, 349 N.J.Super. 108, 793 A.2d 68 (2002), the court examined the structure of New Jersey's criminal code—which, like Alaska's criminal code, generally contains one or more lesser offenses related to each serious crime. "The purpose of this structure," the New Jersey court declared, "is to allow the prosecutor to exercise his discretion in determining whether to charge the more serious crime or the lesser-included offense, and to facilitate plea negotiations."[10]

In *State ex rel. Kurkierewicz v. Cannon*, 42 Wis.2d 368, 166 N.W.2d 255 (1969)[11], the Wisconsin Supreme Court likewise declared that the executive branch need not charge every crime that the facts would support:

There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice,

and this does not *per se* require prosecution in all cases where there appears to be a violation of the law[.]

*Kurkierewicz*, 166 N.W.2d at 260.

The Nebraska Supreme Court echoed this view in *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988).

There are many offenses ... which might legitimately be filed either as a misdemeanor or a felony. [But the] prosecutor is not obliged to present all charges which the evidence might support. Nor is it desirable that he prosecute all crimes at the highest degree available.... In exercising discretion in this way, the prosecutor is not neglecting his public duty or discriminating among offenders. The public interest is best served and even-handed justice best dispensed not by a mechanical application of the "letter of the law" but by a flexible and individualized application of its norms through the exercise of the trained discretion of the prosecutor as an administrator of justice.

*Blair*, 433 N.W.2d at 521.

The Supreme Court of California summed up this legal doctrine in *Mitchell v. Superior Court*, 49 Cal.3d 1230, 265 Cal.Rptr. 144, 783 P.2d 731 (1989):

[I]n innumerable situations it has been recognized that a prosecutor generally has the discretion to charge a defendant with a "more general" lesser offense even when there is a "more specific" greater offense that might embrace the facts of the case.... Thus, for example, it has never been questioned that a prosecutor may charge a defendant with simple assault when the facts of which the prosecutor is aware would support an assault-with-a-deadly-weapon charge, or that a prosecutor may choose to charge a defendant with "straight" first degree murder even though the facts of the case could support a murder-with-special-circumstance charge. Although the Legislature presumably would have the power to specify that an individual who commits particular contemptuous

---

**9.** 751 P.2d 1379, 1382 (Alaska App.1988).

**10.** *Id.* at 79.

**11.** Abrogated on other grounds in *State v. Kenyon*, 85 Wis.2d 36, 270 N.W.2d 160, 164 (1978).

conduct must be prosecuted under a particular statute or not at all, there would have to be a clear indication of such legislative intent before it would be appropriate to construe a statute ... to preclude a prosecutor from exercising his traditional discretion to charge a defendant with a less serious offense which the facts also support.

*Mitchell,* 265 Cal.Rptr. 144, 783 P.2d at 744–45.

This is not to say that Alaska law offers no conceivable support for Judge Finn's ruling. This Court has ruled that, in cases governed by presumptive sentencing, neither the prosecutor nor the sentencing judge has the power to ignore a defendant's undisputed prior felony convictions or the existence of plainly applicable aggravating or mitigating factors.

In *Kelly v. State,* 663 P.2d 967 (Alaska App.1983), we declared that

[t]he legislature did not intend the presumptive sentencing provisions of the revised criminal code to be applied optionally, at the discretion of the court or the prosecution. The presumptive sentencing structure is mandatory, and it must be followed when it applies.... Failure to consider prior crimes for presumptive sentencing purposes can be condoned only in those cases where the state, after exercising due diligence, is unable to meet the statutory requirements for proof of a prior conviction.

*Kelly,* 663 P.2d at 974.

And in *Hartley v. State,* 653 P.2d 1052 (Alaska App.1982), we applied this same rationale when we held that neither the State nor the sentencing judge has the discretion to ignore plainly applicable aggravating and mitigating factors:

[T]he legislature has established specific guidelines governing sentencing. These guidelines are particularly important in determining presumptive sentences for those previously convicted of felonies. The [legislature's] decision to circumscribe sentencing discretion was in large part based upon a legislative belief that greater uniformity in sentencing should be sought and

unjustified disparity eliminated. AS 12.55.005.

To allow the parties to ignore past convictions or aggravating and mitigating factors suggested by the evidence at trial or disclosed in the presentence report ... would be to encourage unjustified disparity in sentencing. We therefore hold that the state has no discretion to suppress evidence of past convictions or aggravating or mitigating factors.... We [also] therefore conclude that the trial court has the power *sua sponte* to alert the parties to possible aggravating and mitigating factors present in the record[,] so long as the parties are given an opportunity to marshal the relevant evidence, pro and con, and make their arguments accordingly.

*Hartley,* 653 P.2d at 1056.

There is obviously a potential tension between *Kelly* and *Hartley,* on the one hand, and the various cases that endorse the executive branch's wide-ranging charging discretion. But we conclude that this is only a seeming conflict.

The principle that underlies our decisions in *Kelly* and *Hartley* is our duty to uphold and promote the legislative goal behind Alaska's presumptive sentencing laws. That goal, as expressed in AS 12.55.005, is the "elimination of unjustified disparity in sentenc[ing] and the attainment of reasonable uniformity in sentences". In particular, Alaska's presumptive sentencing laws are designed to ensure that offenders convicted of serious crimes, who have equivalent felony records, will receive equivalent sentences unless there is good reason under AS 12.55.155–175 for the sentencing discrepancy.

But though the legislature has clearly expressed its desire to eliminate unjustified disparity in the sentences imposed on similarly situated defendants convicted of the same crime, the legislature has not indicated an intention to abrogate or limit the long-recognized charging discretion of the executive branch—the discretion to decide whether to bring charges against a person who has broken the law and, if so, to decide what those charges will be. Moreover, our supreme court indicated in *Public Defender Agency v. Superior Court* and *State v. Carl-*

*son* that this charging discretion is inherent in the executive branch's role under the doctrine of separation of powers.

For these reasons, we formally endorse the view of our sibling states: The executive branch has the discretion to charge a defendant with a less serious crime than the facts would support. Likewise, if a defendant is initially charged with the most serious crime that the facts would support, the executive branch has the discretion to reduce the charge to a less serious crime.

Accordingly, we hold that the district court had no authority to reject the plea bargain between the State and Phillips on the basis that the State could have proved a more serious charge against Phillips. The decision of the district court is REVERSED, and the district court is directed to resume its consideration of the proposed plea bargain under Alaska Criminal Rule 11(e).

COATS, Chief Judge, not participating.