NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ANTHONY JAMES LENZ,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11545
Trial Court No. 3AN-12-4450 CR

O P I N I O N

No. 2460 — July 2, 2015

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael R. Spaan, Judge.

Appearances: Anthony James Lenz, *in propria persona*, Wasilla, for the Appellant. Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Coats, Senior Judge.[*]

Judge MANNHEIMER.

Anthony James Lenz and another man, Glenn Anderkay, burglarized and vandalized an Anchorage laundromat in May 2012. They smashed the laundromat's

---

[*]   Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

glass door, they sprayed the windows with black paint, and they were using crowbars to break into a change dispenser when the police arrived and apprehended them. The damage to the laundromat totaled over $6000.

For this conduct, both Lenz and Anderkay were initially charged with two class C felonies — second-degree burglary and third-degree criminal mischief — and with misdemeanor theft. [1]

Before trial, the State offered plea bargains to both men, but the bargains were different.

With respect to Anderkay, the State did not pursue the felony charges. Instead, Anderkay pleaded guilty to a reduced charge of *attempted* second-degree burglary (a class A misdemeanor) and to the misdemeanor theft. Anderkay ultimately received a composite sentence of 90 days to serve plus 365 days suspended, coupled with 3 years' probation.

But the State insisted that Lenz plead guilty to one of the felony charges. (The State offered to dismiss one of the two felony charges, and to dismiss the misdemeanor theft charge, if Lenz would plead guilty to the other felony.)

Because Lenz was a third felony offender for presumptive sentencing purposes, he faced a presumptive sentencing range of 3 to 5 years' imprisonment if he pleaded guilty to either felony. [2] However, the State offered to stipulate that Lenz would receive a sentence at the bottom of this presumptive range (*i.e.*, 3 years to serve).

Lenz declined the State's offer, so the State took his case to trial. Lenz was ultimately convicted of the two felony charges of second-degree burglary and third-

---

[1] AS 11.46.310(a), AS 11.46.482(a), and AS 11.46.150(a), respectively.

[2] AS 12.55.125(e)(3).

degree criminal mischief. (The misdemeanor assault charge was dismissed.) After rejecting probation, Lenz received a composite sentence of 4 years to serve.

In this appeal, Lenz argues that the State violated his constitutional right to equal protection of the law when the State declined to offer him the same plea bargain that it offered to his co-defendant Anderkay.

For the reasons explained in this opinion, we find no violation of the equal protection clause, and we therefore affirm Lenz's convictions.

*The litigation of this issue in the superior court, and the superior court's ruling*

As we have explained, Anderkay's case was resolved with a guilty plea to two misdemeanors, but the State's offer to Lenz required that he plead guilty to one felony.

Lenz (who was representing himself) filed a motion asking the superior court to set aside his indictment. Lenz argued that the State had violated his right to equal protection by failing to offer him the same resolution of the case that his co-defendant Anderkay received.

In its opposition to this motion, the State acknowledged that Lenz and Anderkay played equal roles in the burglary and vandalism of the laundromat, but the State argued that it was fair for Lenz to be offered a less favorable plea bargain because Lenz's criminal record was substantially worse than Anderkay's.

Lenz was a 40-year-old repeat felony offender whose criminal history spanned his entire adulthood. He had three prior felony convictions: second-degree burglary, attempted second-degree sexual abuse of a minor, and third-degree assault. In addition to these felonies, Lenz had four prior convictions for misdemeanor assault, and he also had convictions for misdemeanor theft, trespass, and driving under the influence.

One of Lenz's prior felonies — the second-degree burglary — was based on conduct that was similar to the laundromat break-in in the present case: Lenz broke into the storage area of a local Fred Meyer store and stole property from it. Lenz committed this burglary and theft just one year before he committed the offenses in the present case, and he received a sentence of 2 years to serve for those earlier crimes. The State explained that it was following a policy of "progressive sentencing" for defendants who committed subsequent crimes — which is why the State's proposed plea bargain to Lenz would have required Lenz to serve 3 years in prison.

The State explained that it offered a more lenient plea bargain to Anderkay because he apparently had only one prior felony conviction from Iowa, and this conviction was from 1990 (*i.e.*, it was more than 20 years old). Anderkay also had two misdemeanor convictions, but they too were more remote than Lenz's burglary and theft from the Fred Meyer store.

In response to the State's pleading, Lenz asserted that the State was wrong about Anderkay's prior criminal record. According to documents that Lenz supplied to the superior court, Anderkay had actually been convicted of four felonies in Iowa in 1990, not just one. Thus, Lenz argued, Anderkay was a "third felony offender" for presumptive sentencing purposes, just like himself, so the State should have offered the two men equivalent plea bargains.

Based on the parties' presentations, the superior court ruled that the State had not violated the equal protection clause when it offered different plea bargains to Lenz and Anderkay. Although the superior court did not take evidence on the question of precisely how many felony convictions had been entered against Anderkay in Iowa in 1990, the court declared that it would assume that Lenz was correct in his portrayal of Anderkay's criminal history. Nevertheless, the court concluded that even if Anderkay

had several felony convictions from 1990, the State still had valid reasons for offering Lenz a less favorable plea bargain than the one it offered to Anderkay.

*Why we agree with the superior court's ruling*

In the present case, Lenz and his co-defendant Anderkay engaged in the same criminal behavior, but the State offered them different plea bargains. The State allowed Anderkay to plead guilty to two misdemeanors, and Anderkay ultimately received a sentence of 455 days' imprisonment with 365 days suspended (90 days to serve). The State's offer to Lenz was less favorable: the State insisted that Lenz plead guilty to one felony charge, with the understanding that Lenz would receive a sentence of 3 years to serve.

In assessing whether the State's differing treatment of these two co-defendants was improper, we begin with the premise that the State has broad discretion to decide what charges (if any) to bring against a criminal defendant, and to decide the terms on which it is willing to resolve those charges short of trial. As this Court noted in *State v. District Court*, 53 P.3d 629, 631 (Alaska App. 2002), "Both the Alaska Supreme Court and this Court have declared that charging decisions are committed to the discretion of the executive branch; so long as these decisions are exercised within constitutional bounds, they are not subject to judicial control or review."

When a defendant asserts that the charges against them were the result of unlawful selective prosecution, the defendant bears the burden of proving that they were "singled out ... based upon an arbitrary, invidious, or impermissible consideration". *Closson v. State*, 784 P.2d 661, 669-70 (Alaska App. 1989). [3]

---

[3]    Reversed on other grounds by *Closson v. State*, 812 P.2d 966 (Alaska 1991).

Here, even if we accept Lenz's assertion that Anderkay was convicted of several felonies (not just one) in Iowa two decades ago, this still leaves the question of whether the prosecutor who formulated the plea bargain offers to Lenz and Anderkay *was aware* that Anderkay had more than one prior felony. Based on the existing record, it appears that the prosecutor was only aware of one prior felony — although this issue was never resolved in the superior court.

But even if we assume that the prosecutor who offered the plea bargains to Lenz and Anderkay was aware that Anderkay had more than one prior felony from 1990, the record shows that there were articulable reasons for offering different plea bargains to Lenz and Anderkay.

Compared to Anderkay's criminal history, Lenz's criminal history was more continuous, the number of his prior offenses was greater, and Lenz had committed significant offenses more recently. In particular, Lenz committed another burglary and theft (the Fred Meyer incident) only one year before the break-in and vandalism in the the present case. For this prior burglary and theft, Lenz received a 2-year sentence — which did not deter him from committing the crimes in the present case.

These factors gave the State articulable grounds for treating Lenz and Anderkay differently, and there is nothing in the record to indicate that the State's disparate offer to Lenz was the product of invidious discrimination (*i.e.*, discrimination against a protected class).

For these reasons, we agree with the superior court that the State did not violate Lenz's rights under the equal protection clause. The judgement of the superior court is AFFIRMED.