NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| DIMITRIOS NICKOLAOS ALEXIADIS, | Court of Appeals No. A-12101 |
| Petitioner, | Trial Court No. 3AN-14-1088 CR |
| v. | **O P I N I O N** |
| STATE OF ALASKA, | |
| Respondent. | No. 2463 — July 17, 2015 |

Petition for Review from the Superior Court, Third Judicial District, Anchorage, Philip R. Volland, Judge.

Appearances: Josie Garton, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Diane L. Wendlandt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge KOSSLER.

This petition for review presents the question of whether the trial court had the authority to reject a plea agreement as too lenient because the State, as part of the agreement, gave up the opportunity to prove aggravating factors, thereby limiting the court to a sentence within the applicable presumptive sentencing range. For the reasons

explained here, we conclude that the court had no authority to reject the plea agreement on this ground, and that doing so impermissibly infringed on the State's charging discretion. We therefore reverse the superior court's decision and remand for sentencing in accordance with the parties' plea agreement.

*Background*

Dimitrios Nickolaos Alexiadis was charged with three counts of second-degree assault for fracturing his infant son's leg, arm, and ribs. The parties reached a Rule 11 agreement in which Alexiadis was to plead guilty to one consolidated count of second-degree assault, admitting all the conduct charged in the complaint, agreeing not to assert any mitigating factors, waiving his right to request referral to the three-judge sentencing panel, and agreeing to pay restitution. The State, in turn, agreed to dismiss the other two charges and agreed not to pursue any aggravating factors for the purpose of obtaining a sentence above the applicable presumptive sentencing range of 1 to 3 years' imprisonment.[1]

The superior court initially accepted Alexiadis's guilty plea, but after the court reviewed the presentence report, the court rejected the plea agreement as too lenient. The court explained that it was rejecting the agreement because the State's decision not to raise aggravating factors — in particular, AS 12.55.155(c)(5) (particularly vulnerable victim) and AS 12.55.155(c)(18)(A) (offense committed against a member of the same social unit) — meant that the court's sentencing authority was limited to the 1- to 3-year presumptive range, a range that the court concluded was too lenient under the facts of the case.

---

[1] *See* AS 12.55.125(d)(1).

Alexiadis filed a motion urging the court to accept the plea agreement, and arguing that the court had no authority to reject the agreement on this ground. The superior court denied this motion, and Alexiadis then filed this petition for review.

The State initially opposed this petition, but the State now agrees with Alexiadis that the superior court had no authority to reject the plea agreement on this basis.

*Why we conclude that the superior court had no authority to reject the parties' plea agreement on the ground that the State agreed not to raise aggravating factors*

As we have explained, Alexiadis claims that the superior court exceeded its authority by rejecting the parties' plea agreement, and the State agrees with Alexiadis. When the State concedes error in a criminal case, we must independently review the record and the law to determine if the concession is well-founded.[2]

Under the laws governing presumptive sentencing in Alaska, a court may not impose a sentence above the applicable presumptive range absent proof of at least one statutory aggravating factor codified in AS 12.55.155(c). As originally conceived by the legislature, these statutory aggravating factors were all to be litigated to the sentencing judge, sitting without a jury, and had to be proven by clear and convincing evidence.[3] But in *Blakely v. Washington*, the United States Supreme Court held that it violated the Sixth Amendment's guarantee of a jury trial to subject a criminal defendant to an enhanced maximum sentence for an offense based on aggravating factors that had not been proved to a jury beyond a reasonable doubt, unless the aggravating factor is

---

[2] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972); *Roberts v. State*, 751 P.2d 507, 507 (Alaska App. 1988).

[3] *See* former AS 12.55.155(f) (pre-March 2005 version).

based on the defendant's prior convictions, or flows directly from the jury's findings, or is conceded by the defendant.[4]

In response to *Blakely*, the Alaska Legislature revised Alaska's presumptive sentencing laws.[5] The Legislature's revision replaced the previous presumptive terms for offenses with presumptive ranges, the top of which cannot be exceeded absent proof of an aggravating factor. The revision also created two classes of aggravating factors — those which a judge can continue to find by clear and convincing evidence, sitting without a jury, and those which must be proved to a jury beyond a reasonable doubt.[6] The two aggravating factors identified by Judge Volland in Alexiadis's case fall within this second class.

Before *Blakely*, we held that courts had the authority — indeed, the duty — to find aggravating and mitigating factors that were established by the record, as long as the parties had notice and an opportunity to be heard on the issue.[7] We discussed that principle in *Hartley v. State*, a case in which the State did not seek any aggravating factors and expressed satisfaction with the presumptive term. The sentencing court nevertheless found an aggravating factor on its own initiative, and then relied on that factor to impose a harsher sentence.[8] We affirmed the court's decision, ruling that the State had no discretion to suppress evidence of prior convictions or aggravating or

---

[4]  *Blakely v. Washington*, 542 U.S. 296, 301-04, 124 S.Ct. 2531, 2537-38 (2004).

[5]  Ch. 2, § 1, SLA 2005; 2005 Senate Journal 102-23.

[6]  AS 12.55.155(f)(1)-(2).

[7]  *Hartley v. State*, 653 P.2d 1052, 1055-56 (Alaska App. 1982).

[8]  *Id.*

mitigating factors.[9] We reasoned that allowing the parties to ignore these factors would contravene the legislative goal of reducing unjustified disparity in sentencing.[10]

Our reasoning in *Hartley* remains sound as applied to aggravating factors that do not require a jury trial under *Blakely* — aggravating factors that are based on the defendant's prior convictions, or on facts necessarily encompassed by the jury's verdicts, or on facts expressly conceded by the defendant.

But the situation is different with respect to aggravating factors that must be proved to a jury under *Blakely*. A sentencing court has no authority to find these factors in the absence of a jury verdict. And the court has no authority to compel the State to litigate these factors to a jury.

In *State v. District Court*, we held that a trial court has no authority to reject a plea agreement on the basis that the State could easily prove a more serious charge at trial but instead agreed to resolve the case with a plea to a lesser charge.[11] We explained that decisions on whether to bring criminal charges, or what offenses to charge, fell within the long-recognized charging discretion of the executive branch.[12] And we found no indication that the legislature, when it enacted our presumptive sentencing laws, intended to abrogate or limit this prosecutorial charging discretion.[13]

The executive branch's charging discretion is likewise reflected in Alaska Criminal Rule 11(e), the rule that sets out the procedure for courts to follow in accepting or rejecting plea agreements. Rule 11(e) authorizes a court to reject a "sentencing

---

[9]   *Id.* at 1056; *see also State v. Dague*, 143 P.3d 988, 996-97 (Alaska App. 2006).

[10]   *Hartley*, 653 P.2d at 1056.

[11]   *State v. District Court*, 53 P.3d 629, 631 (Alaska App. 2002).

[12]   *Id.* at 633-34; *see also* Alaska R. Crim. P. 43(a) (allowing the government to dismiss a charge before trial, without the consent of the court).

[13]   *District Court*, 53 P.3d at 633.

agreement" (an agreement that limits the court's sentencing authority for a particular charge or set of charges), but it does not authorize a court to reject a "charge agreement" (an agreement that specifies the charges to which the defendant will plead guilty, but does not limit the court's sentencing authority with respect to those charges).

We note that a previous version of Rule 11(e) granted courts the authority to reject charge agreements as well as sentencing agreements,[14] but the rule was quickly amended to delete the reference to charge agreements. A memorandum written by the court rules attorney to the supreme court explained that the Criminal Rules Committee viewed this amendment as a "correction" — because, under Alaska law, "a judge has no authority to disapprove a charge agreement."[15]

Because of the United States Supreme Court's holding in *Blakely*, the litigation of non-*Blakely*-compliant aggravating factors necessarily entails holding a jury trial (unless the defendant waives the right to a jury). And while executive branch prosecutors are obviously *authorized* to litigate these aggravating factors at a jury trial, the judiciary has no authority to *force* executive branch prosecutors to litigate these factors at a jury trial. *See Public Defender Agency v. Superior Court*, 534 P.2d 947, 950-51 (Alaska 1975) (holding that a court has no authority to order the executive branch to undertake the prosecution of contempt charges that the court wishes to pursue).

We therefore hold that, with respect to those aggravating factors that require a jury trial, the State's decision to litigate these aggravating factors, or to refrain from litigating them, should be categorized as a charging decision — a decision that is left to the sole discretion of the executive branch.

---

[14] *See* Supreme Court Order 1194 (effective July 15, 1995).

[15] Memorandum to the Alaska Supreme Court from Court Rules Attorney Christine Johnson (Aug. 3, 1995).

We therefore agree with the parties that the superior court acted outside its authority when it rejected the plea agreement in this case.

*Conclusion*

We REVERSE the decision of the superior court and REMAND this case to the superior court for further proceedings in accordance with the parties' plea agreement.